THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEPHANIE PATTERSON, Defendant-Appellant.

Fifth District   No. 5—94—0161

Opinion filed November 29, 1995.

Daniel M. Kirwan and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Michael Wepsiec, State's Attorney, of Murphysboro (Norbert J. Goetten, Stephen E. Norris, and Rebecca Sanders, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KUEHN delivered the opinion of the court:

On September 21, 1992, defendant Stephanie Patterson was charged by information with two counts of forgery pursuant to sections 17—3(a)(1) and (a)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1991, ch. 38, pars. 17—3(a)(1), (a)(2) (now 720 ILCS 5/17—3 (a)(1), (a)(2) (West 1992))). Both counts relate to the forgery of a signature on one check. The State dismissed one count before trial. On June 2, 1993, defendant Stephanie Patterson was convicted of forgery. In addition to being ordered to pay court costs, fines, and restitution, defendant received a 24-month sentence of probation and was required to undergo a Treatment Alternatives for Special Clients, Inc. (TASC), substance-abuse evaluation. Defendant failed to comply with certain probation requirements, and the State filed a petition to revoke probation. Defendant admitted the content of the petition to revoke probation. At the December 14, 1993, resentencing hearing, the court admonished defendant that the maximum penalty for forgery was two to five years in the penitentiary, followed by a one-year period of mandatory supervised release, and a $10,000 fine. Following the admonition, the court sentenced defendant to two years in the Department of Corrections (DOC) and 30 months of probation consecutive to the DOC sentence. Defendant filed a motion for reconsideration, which the court denied.

Defendant contends that the trial court failed to admonish her about the possibility of consecutive sentences and that this failure warrants vacation of that portion of her sentence. Our supreme court recently considered and rejected this argument in *People v. Gazelle* (1995), 165 Ill. 2d 93, 649 N.E.2d 381. In *Gazelle*, the defendant was sentenced to a term of imprisonment in one county consecutive to a term of imprisonment in a second county. Without a detailed analysis, the supreme court affirmed defendant's consecutive sentence, indicating that "a new revocation hearing would change nothing and would be a waste of judicial time and manpower." *Gazelle*, 165 Ill. 2d at 95, 649 N.E.2d at 382.

While the *Gazelle* majority did not specifically address a defendant's due process right to receive an admonition of all sentence possibilities, Justice Nickels discussed the issue in his concurrence. Concurring opinions are not binding authority but are persuasive. (21 C.J.S. *Courts* § 141 (1990).) Justice Nickels noted that Illinois Supreme Court Rule 402 (134 Ill. 2d R. 402) requires the trial court to admonish a defendant of consecutive-sentence possibilities with a guilty plea. (*Gazelle*, 165 Ill. 2d at 98, 649 N.E.2d at 383.) Due process does not require the same admonishment in a probation revocation hearing. (*Gazelle*, 165 Ill. 2d at 99, 649 N.E.2d at 384.) Justice Nickels

found no Illinois law requiring warnings of possible consecutive sentences during a probation revocation hearing. Justice Nickels determined that defendant's due process rights were not violated because defendant was represented by counsel at the revocation hearing, defendant fully discussed sentencing with his attorney, and the trial court warned defendant of the applicable minimum and maximum length of sentence, fines, and restitution.

Under present law, the trial court was not required to admonish defendant of possible consecutive sentences. In keeping with the majority and concurring opinions in *Gazelle*, we hold that defendant's due process rights were not violated by the trial court's failure to admonish her, during the probation revocation hearing, about possible consecutive sentences.

■ Defendant also contends that the trial court erred in imposing consecutive sentences for one offense.

The Unified Code of Corrections provides sentencing options, alone or in combination, including "(1) A period of probation [and] *** (4) A term of imprisonment." (730 ILCS 5/5—5—3(b)(1), (b)(4) (West 1992).) Our legislature has specifically authorized consecutive sentences and limited their imposition. (730 ILCS 5/5—8—4 (West 1992).) Section 5—8—4 of the Unified Code of Corrections allows the trial court to impose consecutive sentences when the court believes that a consecutive term is necessary to protect the public from further criminal conduct by the defendant. (730 ILCS 5/5—8—4 (West 1992).) Recently, our supreme court affirmed this court's determination that a term of probation consecutive to a term of imprisonment is authorized. *People v. Wendt* (1994), 163 Ill. 2d 346, 645 N.E.2d 179.

The State argues that *Wendt* is controlling on the issue of defendant's consecutive sentences. We disagree. Following guilty pleas, the *Wendt* trial court imposed sentence for a total of four felonies. The *Wendt* sentences consisted of three concurrent five-year terms of imprisonment and a consecutive 30-month period of probation for the remaining offense. The supreme court noted that section 5—6—2(b) of the Unified Code of Corrections (730 ILCS 5/5—6—2(b) (West 1992)) required that multiple periods of probation run concurrently when imposed simultaneously. The supreme court decided that this statute, along with the sentence options of section 5—5—3(b) (730 ILCS 5/5—5—3(b) (West 1992)), authorized the imposition of probation consecutive to imprisonment. In *Wendt,* each sentence imposed was supported by a separate offense. The supreme court stated that the consecutive sentences did not increase the penalty because *"[t]he sentence of probation was for a separate offense and did not increase the penalty for any of the charges."* (Emphasis added.)

(*Wendt,* 163 Ill. 2d at 355, 645 N.E.2d at 183.) The *Wendt* opinion did not address consecutive sentences for one offense and thus is not controlling in this case.

Defendant argues that the consecutive sentence is improper because the imprisonment portion of the sentence exceeds six months. When imprisonment is imposed as a condition of probation, imprisonment is limited to six months. (730 ILCS 5/5—6—3(e) (West 1992).) This argument is unpersuasive because the plain language of the statute limits its application to imprisonment as a *condition* of the sentence of probation.

Alternatively, defendant argues that she received two separate punishments for a single offense. We find this argument compelling. The trial court specifically sentenced defendant to probation consecutive to imprisonment. Section 5—8—4 of the Unified Code of Corrections allows consecutive sentences in certain circumstances. (730 ILCS 5/5—8—4 (West 1992).) By its simple plural terms, section 5—8—4 requires multiple offenses for the application of consecutive sentences. The trial court's reliance upon *Wendt* as support for consecutive sentences is misplaced since *Wendt* involved multiple offenses and addressed the issue only in that context.

We find nothing in the Unified Code of Corrections to prohibit a sentence for a single offense that includes both imprisonment and probation pursuant to section 5—5—3(b). Since section 5—8—4 permits consecutive sentences only for multiple offenses, imprisonment and probation, imposed consecutively as part of a disposition for a single offense, are prohibited. When a defendant is sentenced for a single offense, the imposition of consecutive sentence options constitutes an unauthorized increase in the penalty for such offense. Provided that imprisonment and probation are not imposed consecutively, both may combine to comprise the sentence for a single offense, just as the court could sentence a defendant to imprisonment and a fine.

In this case, the trial court sentenced defendant to consecutive sentences for the same offense. We hold that the trial court lacked authority to impose consecutive probation, the statute authorizing consecutive sentencing having limited its use to those convicted of multiple offenses.

█ The record indicates that the trial court's verbal order at the resentencing hearing is inconsistent with the written order. The written order of probation erroneously indicates that the period of probation begins on the date of the hearing, December 14, 1993, and not at the conclusion of defendant's imprisonment. Furthermore, attachment A to the written order of probation erroneously lists the

two-year period of imprisonment in the Department of Corrections as a condition of probation. When the written and verbal orders of the trial court conflict, the verbal order prevails. *People v. Smith* (1993), 242 Ill. App. 3d 399, 402, 609 N.E.2d 1004, 1006.

Where a court with jurisdiction over both the person and the offense imposes a sentence in excess of that allowed by statute, the invalid portion of the sentence is void. (*In re T.E.* (1981), 85 Ill. 2d 326, 333, 423 N.E.2d 910, 913; *People v. Perruquet* (1989), 181 Ill. App. 3d 660, 663, 537 N.E.2d 351, 353.) The legal, authorized portion of the sentence remains valid. *T.E.*, 85 Ill. 2d at 333, 423 N.E.2d at 913; *Perruquet,* 181 Ill. App. 3d at 663, 537 N.E.2d at 353.

As we find that the trial court lacked authority to sentence defendant to probation consecutive to imprisonment, we vacate the sentence of probation.

Affirmed in part; vacated in part.

RARICK and GOLDENHERSH, JJ., concur.