THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ADRIAN K. WILLIAMS, Defendant-Appellant.

Third District    No. 3—96—0055

Opinion filed November 1, 1996.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Stewart Umholtz, State's Attorney, of Pekin (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HOLDRIDGE delivered the opinion of the court:

Defendant Adrian K. Williams pleaded guilty to retail theft, a Class 3 felony (720 ILCS 5/16(A)—3(a), 16(A)—10(3) (West 1994)). In exchange for the plea, the State agreed to a sentencing cap of seven years in the Department of Corrections (DOC) and the dismissal of a charge of burglary. The court accepted defendant's plea and subsequently sentenced him to a three-year prison term, followed by a consecutive, 30-month period of probation. On appeal, defendant argues that the trial court exceeded its sentencing authority. We affirm.

## FACTS

Defendant was charged with entering a Radio Shack store in Pekin, Illinois, and stealing amplifiers. At the guilty plea proceedings, the court admonished defendant that his sentence would be limited to a maximum of seven years' imprisonment. Following further admonishments, the court accepted defendant's plea and ordered a presentencing report. The report disclosed that the 28-year-old defendant had numerous convictions for prior offenses, including burglary, theft, forgery, robbery and retail theft. He served prison terms for the last two offenses. He also has an eight-year history of drug addiction.

At the sentencing hearing, defense counsel recommended that the sentence include a period of inpatient drug treatment and aftercare. The State recommended a seven-year term of imprisonment. The court then sentenced defendant to three years in prison, followed by 40 months of probation with treatment for drug and alcohol addictions.

Defendant filed a motion to reconsider sentence on grounds that the probationary period (1) exceeded the maximum for a Class 3 felony; and (2) could not be imposed consecutive to imprisonment for the same offense. Following a hearing, the court modified the probationary period to 30 months but denied defendant's request to vacate probation.

## DISCUSSION AND ANALYSIS

On appeal, defendant contends that imprisonment with a consecutive term of probation is prohibited by section 5—8—4 of the Unified Code of Corrections (Code) (730 ILCS 5/5—8—4 (West 1994)) where such sentence is imposed for a single offense. In so arguing, defendant relies primarily on *People v. Patterson*, 276 Ill. App. 3d 107, 658 N.E.2d 505 (1995). In response, the State argues that the trial court's disposition was appropriate pursuant to sections 5—5—3(b)

and 5—6—2(b) of the Code (730 ILCS 5/5—5—3(b), 5—6—2(b) (West 1994)). The State relies on *People v. Wendt*, 163 Ill. 2d 346, 645 N.E.2d 179 (1994).

## 1. The Statutes

■ Section 5—5—3 sets forth allowable sentencing dispositions and expressly permits the trial court to combine sentencing options for a single offense:

"(a) Every person convicted of *an offense* shall be sentenced as provided in this Section.

(b) The following options shall be appropriate dispositions, *alone or in combination,* for all felonies and misdemeanors other than those identified in subsection (c) of this Section:

(1) A period of probation.

\* \* \*

(4) A term of imprisonment." (Emphasis added.) 730 ILCS 5/5—5—3 (West 1994).

The sections of the Code pertaining to concurrent and consecutive sentencing neither expressly authorize nor prohibit imposing prison and probation consecutively. Section 5—6—2 addresses probation and provides that multiple terms of probation imposed contemporaneously must run concurrently. 730 ILCS 5/5—6—2(b) (West 1994). Section 5—8—4 concerns prison terms and provides that multiple sentences of imprisonment imposed contemporaneously may not be consecutive "unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, [the court] is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant." 730 ILCS 5—8—4(b) (West 1994).

## 2. The Case Law

In *People v. Wendt*, the defendant was convicted of two Class 1 and two Class 2 felonies. She was sentenced to concurrent five-year sentences for three of the offenses and a consecutive, 30-month period of probation for one of the Class 2 felonies. On appeal, she argued that because sections 5—8—4 and 5—6—2(b) did not expressly authorize consecutive prison-probation sentencing, the trial court had exceeded its authority.

The court rejected Wendt's argument. The court found express authority for combining the two sentencing options in section 5—5—3 and no rational basis to preclude imposing them consecutively. The court reasoned that if the legislature had intended to prohibit consecutive prison-probation sentences, it would have said so in section 5—6—2 or 5—8—4. *Wendt*, 163 Ill. 2d at 353-54, 645 N.E.2d at 183.

Neither section prohibits such sentencing. Moreover, the court found that the consecutive probation sentence imposed for Wendt was consistent with criteria for imposing consecutive prison sentences under section 5—8—4. *Wendt*, 163 Ill. 2d at 355, 645 N.E.2d at 183. The court further noted that the consecutive sentences did not increase the penalty for any of the charges. *Wendt*, 163 Ill. 2d at 355, 645 N.E.2d at 183, overruling *People v. Mack*, 133 Ill. App. 3d 788, 479 N.E.2d 445 (1985).

Finally, the court found that the trial court's sentencing decision was supported both in the constitutional mandate to fashion sentences with a goal toward rehabilitation (Ill. Const. 1970, art. I, § 11) and in section 5—6—1(a) of the Code (730 ILCS 5/5—6—1(a) (West 1994)), which emphasizes the goal of rehabilitation. *Wendt*, 163 Ill. 2d at 352, 645 N.E.2d at 182. Accordingly, the court affirmed the sentences as imposed.

Subsequently, in *Patterson*, the trial court imposed a consecutive prison-probation sentence for a single offense. Rejecting the State's argument that both sentencing options could be imposed consecutively pursuant to *Wendt*, the appellate court confined *Wendt* to cases involving multiple convictions. Turning to the Code, the court observed that there was

> "nothing in the *** Code *** to prohibit a sentence for a single offense that includes both imprisonment and probation pursuant to section 5—5—3(b)." 276 Ill. App. 3d at 110, 658 N.E.2d at 508.

However, the court found that section 5—8—4 implicitly prohibits imposing both sentencing options *consecutively* for a single offense. Without further explanation, the court concluded:

> "When a defendant is sentenced for a single offense, the imposition of consecutive sentence options constitutes an unauthorized increase in the penalty for such offense." *Patterson*, 276 Ill. App. 3d at 110, 658 N.E.2d at 508.

### 3. Our Analysis

■ We cannot subscribe to the rationale or the holding of *Patterson*. In our opinion, sections 5—5—3(b) and 5—6—2(b) authorize imposing probation consecutive to imprisonment for a single offense for precisely the same reasons that those sections authorize such sentencing for multiple offenses. See *Wendt*, 163 Ill. 2d at 354, 645 N.E.2d at 183. *Patterson* noted that section 5—5—3 allows combining prison and probation for a single offense but did not find that the two options could run consecutively. In reaching its conclusion, the court ignored *Wendt*'s clear statement that there is no provision in the Code that prohibits imposing probation consecutively to a simultaneously imposed term of imprisonment. *Wendt*, 163 Ill. 2d at 354, 645

N.E.2d at 183. As noted in *Wendt*, section 5—8—4 is entitled "Concurrent and consecutive terms of imprisonment." It is no more controlling when a prison-probation sentence is imposed for a single offense than it is when prison-probation sentences are imposed for multiple offenses. See *Wendt*, 163 Ill. 2d at 354-55, 645 N.E.2d at 183.

Moreover, we do not agree with *Patterson*'s holding that imprisonment and a consecutive probationary period necessarily increase the penalty for a single offense. Certainly, the penalty is not increased if, as in this case, both aspects of the sentence can be served within the maximum authorized term of imprisonment. *Cf. Fitzsimmons v. Norgle*, 104 Ill. 2d 369, 472 N.E.2d 802 (1984); see also *Wendt*, 163 Ill. 2d at 355, 645 N.E.2d at 183-84.

In an appropriate case, a prison-probation sentence may be the most effective way of addressing the dual sentencing goals of rehabilitating the defendant while still protecting society from his criminal conduct. See *People v. Wendt*, 245 Ill. App. 3d 440, 444-45 (1993). Particularly where, as here, the defendant faces a potentially lengthy prison sentence and probation alone would be inconsistent with the ends of justice, we see no reason why the court may not impose the sentencing options consecutively for an aggregate period within the maximum allowable prison term for the offense. Accordingly, we reject *Patterson* and conclude that the trial court did not exceed its authority in sentencing defendant to imprisonment with a consecutive period of probation. See *Wendt*, 163 Ill. 2d at 355, 645 N.E.2d at 183.

■ Defendant also argues that he is entitled to relief from probation because he was not admonished of the possibility of consecutive sentencing options pursuant to Supreme Court Rule 402(a)(2) (134 Ill. 2d R. 402(a)(2)). This point is not well taken.

First, defendant waived any defect in the Rule 402 admonishments by failing to move to withdraw his guilty plea. *People v. Clark*, 276 Ill. App. 3d 1002, 659 N.E.2d 421 (1995). Moreover, it is well established that Rule 402 requires substantial, not literal, compliance with the required admonitions. *People v. McCoy*, 74 Ill. 2d 398, 385 N.E.2d 696 (1979). Where the trial court's failure to explain the possibility of consecutive sentences does not prejudice the defendant, he is not entitled to sentencing relief. *People v. Baker*, 133 Ill. App. 3d 620, 479 N.E.2d 372 (1985); see also *People v. Gazelle*, 165 Ill. 2d 93, 649 N.E.2d 381 (1995).

In this case, the period of defendant's aggregate sentence falls well within the prison term cap defendant agreed to when he pleaded guilty. Defendant has not shown how he was prejudiced by the court's failure to admonish him of the possibility of a disposition composed

of two consecutive sentencing options. Accordingly, defendant is not entitled to relief from his sentence.

## CONCLUSION

For the reasons stated, we affirm the judgment of the circuit court of Tazewell County.

Affirmed.

McCUSKEY and SLATER, JJ., concur.