THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID M. HALE, Defendant-Appellant.

Third District   No. 3—95—0772

---

Opinion filed June 27, 1997.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, and Donald Casper, of Springfield, for appellant.

Stewart Umholtz, State's Attorney, of Pekin (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LYTTON delivered the opinion of the court:

Defendant David M. Hale was convicted of armed violence, a Class X felony (720 ILCS 5/33A—2 (West 1994)). He was sentenced to a six-year prison term and a consecutive three-year period of probation. The sole issue on review is whether the court was authorized to impose probation. We reverse and remand for a new sentencing hearing.

## FACTS

Evidence at trial established that, on March 27, 1994, defendant and his wife, Angie, engaged in a heated quarrel, during which defendant loaded a rifle and threatened to shoot anyone who came to remove their baby daughter. After a jury found defendant guilty of armed violence based on intimidation, the cause proceeded to sentencing. At the hearing, Angie testified that she still loved defendant and intended to stay with him and support him upon his release from prison. Testifying on his own behalf, the 27-year-old defendant stated that he regretted all of the events of March 27, 1994. He admitted that he had a juvenile record of criminality and said that he intended to pursue counseling to learn to control his temper.

Based on the testimony and the presentence investigation report, the court imposed a six-year term of imprisonment and a consecutive, three-year term of probation. The State joined in defendant's post-sentencing motion to vacate probation. However, the court noted its disagreement with the parties' interpretation of the sentencing statute and denied the motion. Defendant appeals from his sentence only.

## DISCUSSION AND ANALYSIS

Defendant contends that subsection 5—5—3(c)(2) of the Unified Code of Corrections (the Code) (730 ILCS 5/5—5—3(c)(2) (West 1994)), which applies to Class X sentences, precludes a sentence of probation. The State agrees that 5—5—3(c)(2) prohibits sentencing a Class

X offender to probation alone, but argues that the statute does not restrict the court's authority to impose a period of probation consecutive to imprisonment. See *People v. Williams*, 284 Ill. App. 3d 681, 672 N.E.2d 907 (1996), *appeal allowed*, 171 Ill. 2d 583 (1997).

We begin our analysis with an overview of the statutory sentencing scheme. Section 5—5—3 of the Code provides:

"(a) Every person convicted of an offense shall be sentenced as provided in this Section.

(b) The following options shall be appropriate dispositions, alone or in combination, for all felonies and misdemeanors *other than those identified in subsection (c) of this Section*:

(1) A period of probation.

\* \* \*

(4) A term of imprisonment.

\* \* \*

(c)(1) \*\*\*

(2) *A period of probation*, a term of periodic imprisonment or conditional discharge *shall not be imposed for the following offenses*. The court shall sentence the offender to not less than the minimum term of imprisonment set forth in this Code for the following offenses, and may order a fine or restitution or both in conjunction with such term of imprisonment:

\* \* \*

(C) A Class X felony." (Emphasis added.) 730 ILCS 5/5—5—3 (West 1994).

Neither party has directed this court's attention to a case in which a combination of probation and imprisonment was imposed for a Class X felony, and our independent research reveals none.

The State, however, urges us to extend our holding in *People v. Williams*, 284 Ill. App. 3d 681, 672 N.E.2d 907 (1996). In *Williams*, the core question before us was not whether probation was an authorized disposition, but whether it could be imposed consecutive to imprisonment for a single offense of retail theft. We noted that subsection 5—5—3(b) authorized a sentence of probation combined with imprisonment. *Williams*, 284 Ill. App. 3d at 683, 672 N.E.2d at 908. Relying on our supreme court's opinion in *People v. Wendt*, 163 Ill. 2d 346, 645 N.E.2d 179 (1994), we ruled that imprisonment followed by a period of probation was a permissible disposition for the Class 3 offense. *Williams*, 284 Ill. App. 3d at 684, 672 N.E.2d at 909.

By contrast, the Class X offense at issue in this case is one of several nonprobationable offenses that the legislature expressly exempted from the sentencing dispositions authorized by subsection 5—5—3(b). See 730 ILCS 5/5—5—3(c)(2)(C) (West 1994). For these offenses, subsection 5—5—3(c)(2) expressly prohibits probation and

permits the sentencing court to impose imprisonment alone or in combination *only* with a fine or restitution or both. The language of the statute is clear and unambiguous. Therefore, for purposes of the offenses listed in subsection 5—5—3(c), we hold that the trial court lacks authority to impose probation in combination with imprisonment, consecutively or otherwise.

## CONCLUSION

We recognize that the sentencing judge in this case attempted to fashion a sentence that would fairly address this particular defendant's situation. Unfortunately, the result was an illegal sentence. See *People v. Woolsey*, 278 Ill. App. 3d 708, 663 N.E.2d 763 (1996). Accordingly, we must vacate defendant's sentence and remand for a new sentencing hearing.

Sentence vacated and remanded.

HOLDRIDGE and SLATER, JJ., concur.