(No. 82333.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ADRIAN K. WILLIAMS, Appellant.

*Opinion filed December 18, 1997.*

NICKELS, J., joined by McMORROW, J., specially concurring.

Robert Agostinelli, Deputy Defender, and Verlin R. Meinz, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellant.

James E. Ryan, Attorney General, of Springfield, and Stewart J. Umholtz, State's Attorney, of Pekin

(Barbara A. Preiner, Solicitor General, and William L. Browers and Elise F. Cummings, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

Defendant, Adrian K. Williams, was charged with burglary and retail theft. 720 ILCS 5/19—1, 16A—3(a) (West 1994). Defendant subsequently entered into a plea agreement with the State. Pursuant to the agreement, defendant pled guilty to retail theft, in exchange for which the State dropped the burglary charge and recommended a sentencing cap of seven years' imprisonment. The circuit court of Tazewell County accepted defendant's written plea. The circuit court then sentenced defendant to three years in prison, followed by 40 months' probation. Defendant filed a timely motion to reconsider sentence, asserting that the 40-month probation term exceeded the statutory maximum. Defendant also challenged the imposition of consecutive sentences of prison and probation for a single offense. After a hearing on the motion, the circuit court reduced defendant's probation to 30 months, but rejected defendant's argument that the imposition of consecutive sentences of prison and probation for a single offense was improper.

Defendant appealed, challenging the mixed sentence. The appellate court affirmed the circuit court, holding that such sentence is authorized under the sentencing provisions of the Unified Code of Corrections (the Code) (730 ILCS 5/5—1—1 *et seq.* (West 1994)), and *People v. Wendt*, 163 Ill. 2d 346 (1994). 284 Ill. App. 3d 681. This court allowed defendant's petition for leave to appeal pursuant to Supreme Court Rule 315 (166 Ill. 2d R. 315). We now reverse the appellate and circuit courts.

## ANALYSIS

Initially, the State raises a procedural issue, arguing

that defendant was required to withdraw his guilty plea before he could challenge the sentence he received pursuant to the plea agreement. As the defendant failed to move to withdraw his guilty plea, the State contends that he should be barred from protesting his sentence now. In *People v. Evans*, 174 Ill. 2d 320 (1996), we held that a defendant who pleads guilty in exchange for a specific sentence must move to withdraw his guilty plea before challenging his sentence. In *Evans*, however, the sentences were within statutory limits and the defendants only asserted that their sentences were excessive. In the instant case, the defendant does not contend that his sentence was excessive; rather, he argues that the court imposed a sentence which, under the statute, it had no authority to impose. Thus, *Evans* is inapplicable and cannot bar defendant's claim that his sentence was void because it does not conform with the statute. *People v. Arna*, 168 Ill. 2d 107, 113 (1995).

Turning to the merits, the issue before the court is whether a defendant may be sentenced to both prison and probation for a single offense. The State argues that such a combination is authorized under the Code and *Wendt*. In *Wendt*, the trial court imposed sentence on four separate offenses. The sentences consisted of three concurrent prison terms and one consecutive term of probation. In affirming the sentences, this court discussed section 5—5—3 of the Code, which sets forth allowable sentencing dispositions as follows:

"(b) The following options shall be appropriate dispositions, alone or in combination, for all felonies and misdemeanors other than those identified in subsection (c) of this Section:

(1) A period of probation.

\* \* \*

(4) A term of imprisonment." 730 ILCS 5/5— 5—3(b)(1), (b)(4) (West 1994).

In *Wendt*, we held that section 5—5—3 specifically

authorizes the imposition of a sentence of probation in combination with a term of imprisonment. *Wendt*, 163 Ill. 2d at 354. We also noted that section 5—6—2 of the Code, which requires multiple periods of probation to run concurrently, gave the legislature the opportunity to prohibit the imposition of a sentence of probation consecutive to a sentence of imprisonment. We held that the fact that the legislature did not prohibit such a combination indicates that it is allowed. *Wendt*, 163 Ill. 2d at 353-54; 730 ILCS 5/5—6—2 (West 1994). This court further found that no part of the Code specifically prohibits a sentence of probation to be served consecutively to a sentence of imprisonment. We concluded that section 5—5—3 of the Code, construed in light of section 5—6—2, authorizes the imposition of a sentence of probation consecutive to a sentence of imprisonment. *Wendt*, 163 Ill. 2d at 354. The State urges this court to affirm the appellate court, which held that *Wendt* must be read to allow the imposition of a sentence of probation consecutive to a sentence of imprisonment for a single offense.

Defendant counters, however, that the trial court exceeded its authority when it sentenced him to a mixed sentence of prison and probation for a single conviction. He urges the court to adopt the reasoning of *People v. Patterson*, 276 Ill. App. 3d 107 (1995). In *Patterson*, the defendant was convicted of one count of forgery and was sentenced to two years in prison and a consecutive 30-month term of probation. *Patterson* distinguished *Wendt*, noting that although *Wendt* approved consecutive sentences of prison and probation, each sentence in *Wendt* was supported by a separate conviction. *Patterson* held that, although no section of the Code specifically prohibits a sentence for a single offense that includes both imprisonment and probation, section 5—8—4 of the Code, which allows consecutive sentences

of imprisonment under certain circumstances, "[b]y its simple plural terms," requires convictions for multiple offenses if consecutive sentences are to be imposed. *Patterson*, 276 Ill. App. 3d at 110; 730 ILCS 5/5—8—4 (West 1994).

We agree with defendant. There is no specific provision in the Code that either allows or disallows a sentence of probation imposed to be served consecutively to a sentence of imprisonment. In *Wendt*, we held that such a disposition is permissible where each sentence is supported by a separate offense. The instant case, however, differs from *Wendt*. Here there is only one offense. We hold that for a single offense, a sentence of probation may not be imposed consecutive to a period of incarceration. While the Code provides no explicit guidance in this decision, the fact that the defendant is being sentenced for only one offense makes any other conclusion illogical. Imposing consecutive sentences for a single conviction constitutes two consecutive punishments for one offense. Where there is no clear indication of a legislative intent to increase a punishment, the ambiguity must be construed in favor of the defendant. *Fitzsimmons v. Norgle*, 104 Ill. 2d 369, 374 (1984) (commenting on a statute that provided for the enhancement of a penalty); *People v. Hobbs*, 86 Ill. 2d 242, 246 (1981) ("any ambiguity in a criminal statute should be construed in favor of lenity"). Here, to sanction sentences of both prison and probation for one crime, without definite authorization in the Code, would impermissibly increase the penalty for that offense. *Patterson*, 276 Ill. App. 3d at 110; see also *Wendt*, 163 Ill. 2d at 355 (noting that in that case "[t]he sentence of probation was for a separate offense and did not increase the penalty for any of the charges").

Furthermore, the inconsistent character of the two sentences makes it incongruous to assign both as punish-

ments for the same offense. Probation is a substitute for imprisonment that gives offenders an opportunity for reformation while allowing them to retain their freedom. *People ex rel. Barrett v. Bardens,* 394 Ill. 511, 516-17 (1946). A prison sentence, however, is imposed upon those whose crime and past behavior necessitate removal from society. This is illustrated by section 5—6—1(a) of the Code, which directs a court to impose a sentence of probation unless it is convinced that imprisonment is necessary for the protection of the public or that probation would depreciate the seriousness of the offense. 730 ILCS 5/5—6—1(a) (West 1994). In other words, a defendant may be sentenced to probation provided the court is satisfied that such sentence will reform the defendant and serve the interests of society. A defendant guilty of a single offense cannot fulfill the criteria necessitating prison time, yet simultaneously qualify for probation under the Code. The nature of the offense and the history of the offender either justify prison time or warrant probation. Both punishments cannot be used.

In that we have decided that the mixed sentence imposed by the trial court was improper, we need not address defendant's alternative argument that such sentence could not be imposed because he was not admonished as to the possibility of such a sentence at the time of his guilty plea.

A sentence not authorized by statute is void. *Arna,* 168 Ill. 2d at 113. In the instant case, neither the sentence of probation nor the sentence of imprisonment by itself was impermissible; rather, it was the joint imposition of the two consecutive sentences for a single offense that exceeded statutory restrictions. We therefore hold the entire sentence void. The judgment of the appellate court is reversed, the sentence entered by the

circuit court is vacated, and the cause remanded to the circuit court for resentencing.

*Appellate court judgment reversed;*
*sentence vacated;*
*cause remanded with directions.*

JUSTICE NICKELS, specially concurring:

I agree with the majority's conclusion that the Unified Code of Corrections does not authorize consecutive sentences of imprisonment and probation for a single conviction. However, I do not agree with the manner in which the majority reaches the merits of defendant's sentencing challenge.

The State argues that defendant waived the right to challenge his sentence by failing to move to withdraw his guilty plea in the trial court. See *People v. Evans*, 174 Ill. 2d 320 (1996). The majority determines that defendant cannot waive this claim because his sentence is contrary to the sentencing provisions of the Unified Code of Corrections and is therefore "void." In support of the finding that defendant's sentence is void, the majority cites to *People v. Arna*, 168 Ill. 2d 107 (1995). I dissented in *Arna* and I continue to believe that case was wrongly decided. See *People v. Arna*, 168 Ill. 2d at 115 (Nickels, J., dissenting); see also *People v. Garcia*, 179 Ill. 2d 55, 78-79 (1997) (Nickels, J., dissenting, joined by Harrison and McMorrow, JJ.).

This case is distinguishable from *Arna*. In *Arna*, the trial court imposed concurrent sentences on the defendant pursuant to section 5—8—4(a) of the Unified Code (730 ILCS 5/5—8—4(a) (West 1992)). The trial court therefore possessed the statutory authority to impose concurrent sentences if it found that the offenses were not committed as part of a single course of conduct or that there was a substantial change in criminal objective. On appeal, this court in *Arna* came to a different factual conclusion in order to determine that the concur-

rent sentences were contrary to the statute and therefore "void." In this way, the majority was able to sidestep our rules which provide that the State may not appeal sentencing issues (145 Ill. 2d R. 604(a)) and that a defendant may not have his sentence increased on appeal (134 Ill. 2d R. 615(b)). In contrast, the trial court in the instant case had no statutory authority to impose consecutive sentences of imprisonment and probation for one offense. Moreover, there are no rules that prohibit a defendant from appealing sentencing issues or having a sentence reduced on appeal.

Putting aside the propriety of *Arna*, I agree with the majority's decision to address this case on the merits. This court has held that the traditional waiver analysis does not apply to a defendant's challenge of a court's statutory authority to impose a particular sentence. See *People v. Singleton*, 103 Ill. 2d 339, 346 (1984). A sentence imposed without statutory authority is plain error. I therefore concur in the judgment reversing defendant's sentence.

JUSTICE McMORROW joins in this special concurrence.