THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MONTE B. SPERA, Defendant-Appellant.

Second District    No. 2—98—0574

Opinion filed March 31, 1999.

Albert A. Altamore, of Albert A. Altamore & Associates, of Rockford, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

On July 2, 1997, defendant, Monte B. Spera, pleaded guilty to one count of aggravated criminal sexual abuse (720 ILCS 5/12—16(c)(1)(i) (West 1996)). The criminal complaint alleged that defendant was 17 years of age or older and that he committed an act of sexual conduct with a girl who was under 13 years of age at the time in that he intentionally fondled the breast and vaginal area of the victim for the purpose of sexually arousing himself. This offense is a Class 2 felony for which a sentence of three to seven years' imprisonment may be imposed (720 ILCS 5/12—16(g) (West 1996); 730 ILCS 5/5—8—1 (West 1996)) unless the court determines that defendant is eligible for and should be given probation (see 730 ILCS 5/5—6—1(a) (West 1996)).

At the hearing on January 2, 1998, the trial court considered the evidence in mitigation and in aggravation. The court appears to have considered in particular that defendant had either engaged in sexual activities with or made sexual advances toward other minors; it appears that defendant had no other previous criminal history. At the hearing, defendant challenged the sufficiency of the evidence of other sexual misconduct and objected to the concurrent sentences, arguing essentially that the sentences were legally incompatible. The court sentenced defendant to a three-year term of imprisonment in the Department of Corrections (DOC) and a concurrent four-year term of probation with numerous conditions attached.

Defendant filed a timely motion to reconsider the sentences. Relying on *People v. Williams*, 179 Ill. 2d 331 (1997), defendant argued, among other things, that concurrent terms of imprisonment and probation could not be lawfully imposed. The court denied this motion

on May 1, 1998. Defendant timely appeals, arguing that the court exceeded its authority in imposing both a term of imprisonment and a concurrent term of probation. We agree. We vacate the order of probation with its attendant conditions and affirm the judgment in all other respects.

At the sentencing hearing, the trial court commented:

"I cannot and will not deprecate the seriousness of what happened *** by placing the Defendant on probation by itself.

It is the sentence of this Court, so as not to deprecate the seriousness of this offense and to set an example for this Defendant who has taken people that have trusted him in affect [sic] turned their lives up side [sic] down and then hurt significantly some minor children. I cannot say to this Defendant that I don't find that you pose any risk to the public or to other children. Specifically, Mr. Sundberg has said you do pose a risk, so I find that it is therefore necessary, for the protection of the public and to not deprecate the seriousness of your offenses, to impose a term in the Department of Corrections for this Defendant."

The trial court commented that defendant may or may not be a pedophile but concluded that he fit the criteria. The court further stated:

"It is generally unheard of for the Courts to give probation and a prison term. I feel that in certain cases, sexual abuse being one, offenses like reckless homicide involving the use of alcohol, and in those cases where a person needs rehabilitation, that probation is consistent with the meaning of the legislative intent in setting out a series of types of dispositions that a Court may impose in a criminal case and using a combination of those sentences.

It is clear as a condition of probation I cannot impose a term in the Department of Corrections. I am imposing, in affect [sic] concurrent sentences in this case, not consecutive ***."

At the hearing on the motion to reconsider the sentences, the court also commented:

"So my sentence had to serve two purposes: First purpose was not to deprecate the seriousness of this offense. The second purpose in a way was to remove a risk from the public, but I realize with counseling he could be rehabilitated, and so I had to combine to meet the two of those because I couldn't deprecate the seriousness of this offense, otherwise I'd have to say, I'd have to lock him up, and how long you going to lock him up, indefinitely? You can't do that. That doesn't serve the benefit of the public. So I felt if I gave him the prison term and still saw he got counseling. *** I know for instance, Arizona mandates probation after a prison term for such offenders. Legislatively, maybe it would be better for Illinois to do that."

On appeal, defendant argues that *People v. Williams*, 179 Ill. 2d 331 (1997), supports his position that the two concurrent sentences cannot be imposed for the single offense to which he pleaded guilty. We agree that *Williams* supports his position. There is only a single conviction, and only one sentence can be imposed in this case.

In *Williams*, the defendant pleaded guilty to one count of retail theft as part of an agreement in which the State would recommend a cap of seven years' imprisonment. The circuit court sentenced defendant to 3 years' imprisonment followed by 40 months' probation; this was later reduced to 30 months' probation. Defendant challenged the sentence, and the appellate court affirmed the judgment. In reviewing the decision, the supreme court stated that the issue before it was "whether a defendant may be sentenced to both prison and probation for a single offense." *Williams*, 179 Ill. 2d at 333. There, as here, the defendant argued that the trial court exceeded its authority when it sentenced him to a mixed sentence of prison and probation for a single conviction.

The supreme court noted that there is no specific provision in the statutory scheme that either allows or disallows a sentence of probation imposed to be served consecutively to a sentence of imprisonment. After pointing out that there was only one offense in the case before it, the court then held that "for a single offense, a sentence of probation may not be imposed consecutive to a period of incarceration." *Williams*, 179 Ill. 2d at 335. Although the statutory provisions provided no explicit guidance for the decision, the court explained its holding by stating, "[T]he fact that the defendant is being sentenced for only one offense makes any other conclusion illogical. Imposing consecutive sentences for a single conviction constitutes two consecutive punishments for one offense." *Williams*, 179 Ill. 2d at 335. The court also observed that this would impermissibly increase the penalty for the offense.

The court further explained that "the inconsistent character of the two sentences makes it incongruous to assign both as punishment for the same offense." *Williams*, 179 Ill. 2d at 335-36. The court observed that probation is a substitute for imprisonment that gives offenders an opportunity for reformation while allowing them to retain their freedom. A prison sentence, however, is imposed upon those whose crime and past behavior necessitate removal from society. *Williams*, 179 Ill. 2d at 336.

The supreme court found support for its decision in section 5—6—1(a) of the Unified Code of Corrections (Code) (730 ILCS 5/5—6—1(a) (West 1996)), which directs a court to impose a sentence of probation unless it is convinced that imprisonment is necessary for the protec-

tion of the public or that probation would deprecate the seriousness of the offense. The supreme court concluded, "A defendant guilty of a single offense cannot fulfill the criteria necessitating prison time, yet simultaneously qualify for probation under the Code. The nature of the offense and the history of the offender either justify prison time or warrant probation. Both punishments cannot be used." *Williams*, 179 Ill. 2d at 336.

We believe that the court clearly established that, where there is only one conviction, a sentence of probation cannot be imposed together with a sentence of imprisonment in the DOC because these dispositions amount to two sentences imposed for one conviction. Furthermore, the sentences are incompatible with each other.

We appreciate the trial court's dilemma in this case. The trial court was attempting to fashion a sentence it believed was suitable to the case before it. The trial court concluded that it had to impose a sentence that would not deprecate the seriousness of the offense and that would protect the public. The court recognized, however, that imposing a dual sentence was extraordinary and that it could not impose a sentence of probation conditioned upon a sentence of "straight" imprisonment in the DOC. See 730 ILCS 5/5—6—3(e) (West 1996) (allowing for term of probation conditioned on incarceration not exceeding six months, but term not to be served in the DOC).

We find the logic of *Williams* both clear and compelling, and it applies to the case before us even though this case involves the imposition of concurrent rather than consecutive sentences. We hold that the trial court exceeded its authority in imposing concurrent sentences of "straight" imprisonment and probation for one conviction. *Williams*, 179 Ill. 2d at 336. The court's comments clearly showed that a term of imprisonment in the DOC was required because of the seriousness of the offense and the need to protect the public. However, because of defendant's potential for rehabilitation, the court imposed only a minimum term of imprisonment. The sentence of imprisonment will therefore remain undisturbed. The additional sentence of probation is inconsistent with the sentence of imprisonment and must be deemed void.

The judgment of conviction and the sentence of imprisonment entered by the circuit court of Winnebago County are affirmed. We hereby vacate the order of the circuit court imposing the additional concurrent sentence of probation together with its additional conditions.

Affirmed in part and vacated in part.

RAPP and GALASSO, JJ., concur.