2022 IL App (2d) 200608-U
No. 2-20-0608
Order filed April 28, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of De Kalb County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 17-CF-402 |
| | ) | |
| NATHANIEL J. ROBINSON, | ) | Honorable |
| | ) | Robbin J. Stuckert, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUDSON delivered the judgment of the court.
Justice McLaren concurred in the judgment.
Justice Brennan specially concurred in part; dissented in part.

**ORDER**

¶ 1    *Held*:  Where defendant was erroneously sentenced as a Class X offender but received sentence he agreed to during plea negotiation, defendant's sentence would be modified to reflect that he was sentenced as a Class 2 offender.

¶ 2    Defendant, Nathaniel J. Robinson, appeals from the judgment of the circuit court of

De Kalb County denying his motion under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

For the reasons that follow, we affirm as modified and remand with instructions.

¶ 3                                      I. BACKGROUND

¶ 4    Defendant pled guilty to one count of aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2016)).  Per the written plea agreement, defendant would enter a drug treatment program (the program) and his sentencing would be deferred.  The plea agreement further provided that, if defendant successfully completed the program, a conviction would enter but defendant would serve no prison time.  If defendant failed to complete the program, he would be sentenced to six years in prison on the Class 2 felony of aggravated domestic battery.  The plea agreement did not mention the possibility of a Class X sentence.

¶ 5    At the guilty plea hearing, the trial court admonished defendant that the applicable sentence for a Class 2 felony was three to seven years in prison.  730 ILCS 5/5-4.5-35(a) (West 2016).  Defendant confirmed the terms of the plea agreement, including that he would serve a six-year prison term if he failed to complete the program.  The court then reiterated the terms of the plea agreement, including that, if defendant failed to complete the program, he would be sentenced to six years' imprisonment.  Neither the parties nor the trial court mentioned the possibility of Class X sentencing.

¶ 6    The factual basis for the guilty plea established that, during a domestic disturbance, defendant placed his hand around his wife's neck and squeezed her throat, leaving visible red marks on her neck.

¶ 7    The parties waived any presentence investigation report.  The State asserted that defendant's criminal history included a 2009 conviction in Cook County for the manufacture or delivery of cocaine within a school or public park and that he had served three years in prison.  The trial court accepted the plea agreement and deferred sentencing pending the outcome of the program.

¶ 8      The State thereafter filed a motion to discharge defendant from the program and to impose sentence.  At the hearing on the motion, the trial court found that the State had established by a preponderance of the evidence that defendant had not successfully completed the program.  The court added that, although defendant's sentence was determined by the plea agreement, it would conduct a sentencing hearing to allow defendant to present any mitigating evidence.

¶ 9      At the sentencing hearing, the State asked that, per the plea agreement, defendant be sentenced to six years in prison.  The State noted that defendant should be "sentenced as a Class X offender based on the fact that he [had] two prior Class 2 [convictions]."  The State specified that, in 2000, defendant was convicted in Cook County of delivery of a controlled substance and sentenced to four years in prison, and, in 2009, he was convicted in Cook County of "delivery or possession with intent of a controlled substance" and sentenced to three years in prison.  Based on those two convictions, the State asked that defendant be sentenced as a Class X offender.  730 ILCS 5/5-4.5-25(a) (West 2016) (Class X sentencing range from 6-30 years in prison).  The State requested that defendant be admonished that he was being sentenced as a Class X offender.

¶ 10     Defendant's counsel argued, among other things, that to sentence defendant to "six years at 85 percent on a Class X sentencing" would minimize defendant's hard work in the program.  Counsel further contended that defendant should not be sentenced as a Class X offender because he had never been admonished regarding Class X sentencing.  Counsel did not argue, however, that defendant was not Class X eligible.

¶ 11     In imposing sentence, the trial court noted, among other things, that "at the time of the plea [it] did not have enough information to determine whether [defendant was] Class X sentencing eligible."  The court added that, at the arraignment, it was clear that defendant "could be Class X eligible" but that there was just not enough information at that time.  The court noted that it had

requested further information in the event of a guilty plea but the issue of defendant's Class X status was not further discussed.

¶ 12     The trial court then stated that the six-year sentence "would have been within the range of the Class 2 three to seven or the mandatory [Class] X which obviously from the information that [it] received [at sentencing]." The court added that it would "take that into consideration that the sentence was the minimum amount–minimum on a Class X mandatory sentence which [defendant was] aware of was six if [he] did not successfully complete the program." Thus, the court "implement[ed] the sentence of six years in the Illinois Department of Corrections as had been the agreed sentence per the contract as well as what [defendant had been] advised at the time [he] entered into treatment court."

¶ 13     The written judgment provided that defendant was convicted of a Class 2 felony and sentenced to six years in prison. Written immediately below the reference to the conviction was "Mandatory Class X."

¶ 14     Defendant filed a motion to withdraw the guilty plea or, alternatively, to reconsider the sentence. His counsel filed a certificate pursuant to Rule 604(d) stating that he had consulted with defendant in person and by phone to ascertain defendant's contentions of error in both the guilty plea and the sentence, that he examined the court file and report of proceedings of both the guilty plea and the sentencing, and that he made any amendments to the motion necessary for an adequate presentation of any defect in the proceedings.

¶ 15     In the written motion, counsel contended, among other things, that defendant should be allowed to withdraw his guilty plea because he was not admonished that he was subject to Class X sentencing. As for the motion to reconsider the sentence, counsel argued that the sentence was

excessive. However, counsel did not claim that defendant's sentencing as a Class X offender was inconsistent with the plea agreement or was unsupported by his criminal history.

¶ 16    At the hearing on defendant's motion, defendant's counsel reiterated that defendant's sentence was excessive. Again, counsel did not claim that the Class X sentencing was improper given the plea agreement or defendant's criminal history.

¶ 17    In denying the motion, the trial court stated that, "as far as the six-year sentence[,] that was an agreed-upon sentence and it [would] be imposed by the Court." The court did not mention the Class X sentence. Defendant, in turn, filed a timely appeal.

¶ 18                                II. ANALYSIS

¶ 19    On appeal, defendant contends that defense counsel failed to fulfill his obligations under Rule 604(d) when he did not include in the postplea motion a claim that his Class X sentencing was inconsistent with the negotiated plea agreement and unsupported by his criminal history. In response, the State agrees that it was an error to sentence defendant as a Class X offender,[1] but claims that he was not prejudiced, because he received the same six-year prison term as he agreed to under the plea agreement.

¶ 20    It is well established that strict compliance with Rule 604(d) is required. *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 6 (citing *People v Janes*, 158 Ill. 2d 27, 33 (1994)). The remedy

---

[1] We may take judicial notice of the mittimus from Cook County. See *People v. Davis*, 65 Ill. 2d 157, 164-65 (1976). The mittimus shows that the 2009 conviction, which the State relied on to argue that defendant was Class X eligible, was for a Class 4 felony; thus, it was not a predicate conviction for sentencing defendant as a Class X offender (see 730 ILCS 5/5-4.5-95(b) (West 2016)).

prescribed for failure to strictly comply with Rule 604(d) does not depend upon a showing of prejudice. *Bridges*, 2017 IL App (2d) 150718, ¶ 6 n.1. Rule 604(d) requires counsel to file a certificate stating that he has consulted with the defendant either by phone, mail, electronic means, or in-person to ascertain the defendant's contentions of error in both the sentencing and the guilty plea, that he has examined the trial court file and both the report of proceedings of the guilty plea proceeding and the sentencing hearing, and that he has made any amendments necessary for adequate presentation of any defects in those proceedings. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Although counsel filed a facially valid certificate, the reviewing court may consult the record to determine whether he indeed fulfilled his obligations under Rule 604(d). *Bridges*, 2017 IL App (2d) 150718, ¶ 8.

¶ 21 Fully negotiated guilty pleas are governed by principles of contract law. *People v. Absher*, 242 Ill. 2d 77, 87 (2011). When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. *People v. Whitfield*, 217 Ill. 2d 177, 185 (2005). Put another way, where a defendant enters a negotiated guilty plea in exchange for a specific sentence, both the State and the defendant are bound by the terms of the agreement. *Whitfield*, 217 Ill. 2d at 190. Accordingly, a defendant's constitutional right to due process and fundamental fairness is violated when he pleads guilty in exchange for a specific sentence but receives a different, more onerous, sentence than the one to which he agreed. *Whitfield*, 217 Ill. 2d at 189.

¶ 22 Here, under the written plea agreement, if defendant did not successfully complete the program, he would be sentenced as a Class 2 felon to six years in prison. The written agreement did not mention Class X sentencing. Likewise, at the guilty plea hearing, the trial court admonished defendant as to the applicable sentencing range for a Class 2 felony. Again, there was

no mention of the sentencing range for a Class X felony or that defendant could be sentenced as a Class X offender. Under the unequivocal terms of the negotiated plea agreement, defendant would be sentenced as a Class 2 felon to six years in prison. However, at the sentencing hearing, the State asserted that defendant was eligible for sentencing as a Class X offender, and the written judgment states that his sentence was a mandatory Class X sentence. As noted, the State correctly concedes that defendant was not eligible for sentencing as a Class X offender.

¶ 23    Here, defendant received precisely the six-year sentence he agreed to when he entered his plea. Defendant does not argue on appeal that his agreed six-year sentence to the Illinois Department of Corrections was unknowing or involuntary. Consequently, defendant's "constitutional right to due process" was not violated because he did not "receive[] a different, more onerous sentence than the one he agreed to." See *Whitfield*, 271 Ill. 2d at 189. We find defendant's argument to the contrary unpersuasive. However, as defendant was not eligible for Class X sentencing, pursuant to the authority granted this court under Illinois Supreme Court Rule 615(b)(3) (eff. Jan. 1, 1967), we modify defendant's sentence to reflect that it is imposed as a Class 2 felony.

¶ 24                                III. CONCLUSION

¶ 25    For the reasons stated, we modify defendant's sentence to reflect that his six-year sentence is imposed as a Class 2 felony and otherwise affirm the judgment of the circuit court of De Kalb County. We remand this cause to allow the parties and the trial court to address any additional effect this modification may have on defendant's sentence, such as on good-conduct credit.

¶ 26    Affirmed as modified; remanded with instructions.

¶ 27    JUSTICE BRENNAN, specially concurring in part, and dissenting in part:

¶ 28   Though I agree with the majority's decision to modify defendant's sentence pursuant to Rule 615(b)(3) to reflect Class 2 sentencing, I specially concur because I disagree with its application of Rule 604(d). I dissent from the remand of the case to consider good-conduct credit.

¶ 29   As the majority correctly observes, Rule 604(d) provides in pertinent part that "[n]o appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. ***." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Rule 604(d) further requires counsel to file a certificate stating that he has consulted with the defendant either by phone, mail, electronic means, or in-person to ascertain the defendant's contentions of error in both the sentencing and the guilty plea, that he has examined the trial court file and both the report of proceedings of the guilty plea proceeding and the sentencing hearing, and that he has made any amendments necessary for adequate presentation of any defects in those proceedings. *Id.* Where counsel files a facially valid certificate, the reviewing court may nevertheless consult the record to determine whether the 604(d) obligations have been fulfilled. *Bridges*, 2017 IL App (2d) 150718, ¶ 8.

¶ 30   I do not quibble with our caselaw permitting remand for compliance with Rule 604(d) in circumstances where the record belies the assertions set forth in an otherwise facially valid 604(d) certificate. See, *e.g.*, *People v. Little*, 337 Ill. App. 3d 619, 622 (2010) (Rule 604(d) certificate predated transcript date for report of proceedings); *Bridges*, 2017 IL App (2d) 150718, ¶¶ 9, 12 (counsel's failure to attach affidavit supporting allegations *de hors* the record in the amended motion to withdraw the plea entitled defendant to a remand for Rule 604(d) compliance). Here, however, there was no *pro se* motion to withdraw plea or any other suggestion in the record that defendant ever alluded to the issue raised for the first time on appeal: that defendant's criminal

history did not qualify him for Class X sentencing. Defendant's motion to withdraw his plea was filed in the first instance by defense counsel, who continued to operate under the misapprehension that defendant was subject to Class X sentencing in moving to withdraw defendant's plea because he was not so admonished at the time of the plea.

¶ 31     In fact, defendant argues that his criminal background does not qualify him for Class X sentencing *for the first time on appeal*. And the State agrees, *again for the first time on appeal*, that review of the certified copies of conviction or the Illinois Department of Corrections website would have disclosed that the second (triggering) Class 2 offense was instead a Class 4 offense, such that defendant was subject to Class 2 sentencing—*just as defendant was admonished at the time of his negotiated plea*. This fact pattern does not amount to non-compliance with Rule 604(d); rather, it amounts to possible ineffective assistance of counsel.

¶ 32     Expanding the concept of Rule 604(d) non-compliance to the instant facts is simply a step too far. The failure to raise a winning argument *de hors* the record that has not been brought to the attention of post-plea counsel should be limited to collateral proceedings. See *People v. Curtis*, 2021 IL App (4th) 190658, ¶¶ 37-39 (no Rule 604(d) remand where 604(d) certificate was facially valid and record did not disclose that defendant ever asked counsel filing post-plea motion to address issue first raised on appeal). To hold otherwise is to improvidently invite a panoply of ineffective assistance claims under the Rule 604(d) rubric.

¶ 33     Further, I would respectfully suggest that the majority's Rule 604(d) analysis ignores the distinction between how we treat unauthorized, as opposed to excessive sentences. A defendant sentenced following a negotiated plea agreement can challenge a sentence not authorized by statute without first withdrawing his plea. *People v. Williams,* 179 Ill. 2d 331, 33-335 (1997) (the statute did not authorize a sentence of incarceration and probation for a single offense). Typically, "[e]ven

when a sentence imposed under an incorrect sentencing range fits within the correct range, the original sentence must be vacated because the trial court relied on the wrong sentencing range when imposing the sentence." *People v. Owens*, 377 Ill. App. 3d 302, 305-06 (2007). This is unnecessary here, however, in that defendant negotiated for a sentence of six years under the correct understanding that he was subject to the Class 2 sentencing range. The misapprehension that defendant was subject to Class X sentencing came later, *i.e.*, at the time of defendant's sentencing hearing which followed his discharge from mental health court.

¶ 34    Rule 615 allows courts of review to notice "plain errors or defects affecting substantial rights," though they were not brought to the attention of the trial court. Ill. S. Ct. R. 615(a). With this in mind, we should simply "reduce the degree of the offense of which the appellant was convicted," and affirm as modified. Ill. S. Ct. R. 615(b)(3). For the reasons expressed earlier, I agree with the majority's decision to employ Rule 615(b)(3) to reduce the degree of defendant's sentence to a Class 2 felony, though I do not join in its 604(d) analysis. I dissent from the remand of the case to consider the applicability of good-conduct credit because 730 ILCS 5/3-6-3(a)(2)(vii) (West 2016) mandates truth in sentencing for aggravated domestic battery. Simply put, our decision should do no more, and no less, than order that defendant's sentence be modified to reflect a 6-year sentence on Class 2 aggravated domestic battery, with truth and sentencing to apply pursuant to 730 ILCS 5/3-6-3(a)(2)(vii) (West 2016).

¶ 35    For the foregoing reasons, I respectfully specially concur in part and dissent in part.