THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. IRVING McCASKILL II, Defendant-Appellant.

Fourth District    No. 5—97—0300

Argued July 22, 1998.—Opinion filed August 5, 1998.

Daniel M. Kirwan and Larry R. Wells (argued), both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and Denise M. Ambrose (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant, Irving McCaskill II, was charged with armed robbery and aggravated robbery in the circuit court of Macon County. At the time the public defender was appointed to represent him, the trial court ordered defendant to perform 80 hours of community service to pay for the services of his appointed counsel. Pursuant to a negotiated plea agreement, defendant pleaded guilty to aggravated robbery and was sentenced to a five-year term in prison. He filed a motion to reduce his sentence, which was denied. Defendant appeals from the order requiring him to work 80 hours of community service in exchange for the services of his appointed counsel and also from the denial of his motion to reduce sentence because the certificate of counsel required by Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) was not timely filed. We affirm in part and vacate in part.

At an arraignment on December 12, 1996, defendant was charged by information with one count of armed robbery and one count of aggravated robbery in violation of sections 18—2(a) and 18—5, respectively, of the Criminal Code of 1961. 720 ILCS 5/18—2(a), 18—5 (West 1996). He was given an affidavit of assets and liabilities and ordered to appear on December 19 with the filled-out affidavit at which time his motion for public defender would be considered.

On December 19 defendant appeared before Judge Paul M. Francis. Defendant presented his affidavit, which indicated no source of

income. Judge Francis appointed the public defender to represent defendant and set a date for preliminary hearing. Defendant was then ordered to perform 80 hours of community service to pay for the services of his attorney by working it off. He was ordered to have 40 hours of the service completed by the date of the preliminary hearing, January 14, 1997. Further, defendant was admonished if he did not report to the probation office within seven days to find out his work assignment, the appointment of the public defender would be vacated and a warrant would issue for his arrest.

At the time of his preliminary hearing, defendant waived the hearing and, in response to the trial court's questioning, indicated he had worked 28 hours of community service as of January 14. The trial court asked defendant to bring in written proof of the number of hours he had worked at the next status hearing.

Subsequently, the State and defendant negotiated an agreement under which the State would drop the armed robbery count and defendant would plead guilty to aggravated robbery only. Defendant could request probation and the State agreed to ask for only five years' imprisonment if defendant was not granted probation. The plea was entered on February 11, 1997. On March 7 defendant was sentenced to five years' imprisonment.

Defendant filed a motion to reduce sentence on March 31. He did not file a motion to withdraw his guilty plea. The motion was heard and denied on May 7. Notice of appeal was filed on May 13. On June 3 defense counsel filed a certificate in compliance with Supreme Court Rule 604(d) in the circuit court.

Defendant argues the requirement he work 80 hours of community service in exchange for the services of the public defender is a violation of the state and federal constitutions forbidding involuntary servitude and imprisonment for debt. The State argues this issue is either moot or waived and need not be dealt with in this appeal; however, on the merits, such a work requirement is permitted under section 113—3.1 of the Code of Criminal Procedure of 1963 (Code), which provides for reimbursement of the county when counsel is appointed for a criminal defendant. 725 ILCS 5/113—3.1 (West 1996).

■ A moot case is one that (1) seeks to determine an abstract question that does not rest on existing facts or rights; (2) seeks a judgment on a pretended controversy; (3) seeks a decision in advance regarding a right that has not yet been asserted and contested; or (4) seeks a judgment upon some matter that, when rendered, has no practical legal effect on an existing controversy. *Mount Carmel High School v. Illinois High School Ass'n*, 279 Ill. App. 3d 122, 124, 664 N.E.2d 252, 254 (1996). The State argues the issue is moot because de-

fendant has already performed at least 28 hours of community service work or review is premature as there is no indication in the record defendant is being threatened with contempt for failing to complete the 80 hours of community service ordered.

■ Defendant contends this case falls under one of two exceptions to the mootness doctrine: the public interest exception or the capable-of-repetition-yet-evading-review exception. The capable-of-repetition exception requires (1) the challenged action be too short in duration to be fully litigated prior to cessation; and (2) there be a reasonable expectation the same complaining party would be subject to the same action again. *In re A Minor*, 127 Ill. 2d 247, 258, 537 N.E.2d 292, 296 (1989). The community service ordered in this case is not too short in duration to avoid review and there is no reasonable expectation defendant will be subjected to this order again. Thus, the capable-of-repetition exception does not apply here.

■ The public interest exception to the mootness doctrine requires (1) the existence of a question of a public nature; (2) the desirability of an authoritative determination for the purpose of guiding public officers in the performance of their duties; and (3) the likelihood the question will recur. *A Minor*, 127 Ill. 2d at 257, 537 N.E.2d at 296; *Mount Carmel High School*, 279 Ill. App. 3d at 125, 664 N.E.2d at 255. We find the imposition of community service to "pay" for the costs of the services of the public defender to be a question of substantial public interest. We also find the fact a circuit court judge ordered such work, using the existing forms for community service under a sentence of probation, to be a novel way to attempt to recoup the cost to Macon County of providing a public defender and one that will be used often if found to be acceptable. Thus, the criteria for applying the public interest exception to the mootness doctrine are met in this case.

■ The State also argues if the issue is not moot, it has been waived due to defendant's guilty plea. Generally, a voluntary guilty plea waives all nonjurisdictional errors, including those involving constitutional rights. *People v. Peeples*, 155 Ill. 2d 422, 491, 616 N.E.2d 294, 326 (1993). Defendant argues this issue is analogous to the waiver question presented in *People v. Williams*, 179 Ill. 2d 331, 688 N.E.2d 1153 (1997), in which the supreme court found waiver did not apply when a defendant did not move to withdraw his guilty plea before appealing his sentence, alleging the trial court had exceeded its statutory sentencing authority. *Williams*, 179 Ill. 2d at 333, 688 N.E.2d at 1154. Defendant alleges the trial court here exceeded its authority, whether constitutional or statutory, to order him to perform community service work in exchange for the services of the public defender.

We need not decide whether the reasoning in *Williams* applies to

this case because while waiver is an admonition to the parties, it is not a limitation upon the reviewing court. *People v. Lann*, 261 Ill. App. 3d 456, 470, 633 N.E.2d 938, 949 (1994); *People v. Walsh*, 101 Ill. App. 3d 1146, 1149, 428 N.E.2d 937, 940 (1981). It is a rule of administrative convenience rather than jurisdiction. *People v. Smith*, 106 Ill. 2d 327, 333, 478 N.E.2d 357, 360 (1985); *Lann*, 261 Ill. App. 3d at 470, 633 N.E.2d at 948. We have the jurisdiction to review the order of the trial court requiring defendant to work in exchange for the services of the public defender. As will be seen, such an order is void as not provided for by the statute authorizing reimbursement for the services of appointed counsel and, when that statute is not adhered to by the trial court in fashioning a reimbursement order, application of the waiver rule is inappropriate. See *People v. Love*, 177 Ill. 2d 550, 564, 687 N.E.2d 32, 39 (1997).

■ As defendant acknowledges, section 113—3.1 of the Code provides for reimbursement for the services of appointed counsel. 725 ILCS 5/113—3.1 (West 1996). However, no provision within section 113—3.1 allows the trial court to order a defendant to work in exchange for the services of the public defender. Section 113—3.1 provides, in pertinent part:

"(a) Whenever under either Section 113—3 of this Code or Rule 607 of the Illinois Supreme Court the court appoints counsel to represent a defendant, the court may order the defendant to pay to the Clerk of the Circuit Court a reasonable sum to reimburse either the county or the State for such representation. In a hearing to determine the amount of the payment, the court shall consider the affidavit prepared by the defendant under Section 113—3 of this Code and any other information pertaining to the defendant's financial circumstances which may be submitted by the parties. Such hearing shall be conducted on the court's own motion or on motion of the State's Attorney at any time after the appointment of counsel but no later than 90 days after the entry of a final order disposing of the case at the trial level.

\*\*\*

(c) The method of any payment required under this Section shall be as specified by the Court. \*\*\* At any time prior to full payment of any payment order the court on its own motion or the motion of any party may reduce, increase, or suspend the ordered payment, \*\*\* as the interest of fairness may require. No increase, suspension, or reduction may be ordered without a hearing and notice to all parties.

(d) The Supreme Court or the circuit courts may provide by rule for procedures for the enforcement of orders entered under this Section. Such rules may provide for the assessment of all costs,

including attorneys' fees which are required for the enforcement of orders entered under this Section when the court in an enforcement proceeding has first found that the defendant has willfully refused to pay. \*\*\*

\* \* \*

(g) A defendant who fails to obey any order of court entered under this Section may be punished for contempt of court. Any arrearage in payments may be reduced to judgment in the court's discretion and collected by any means authorized for the collection of money judgments under the law of this State." 725 ILCS 5/113—3.1(a), (c), (d), (g) (West 1996).

Section 113—3.1 provides for the collection of "fees" as reimbursement for the services of appointed counsel. It does not authorize compelled labor in lieu of payment of fees. It does specifically permit an arrearage to be reduced to a judgment and collected "by any means authorized for the collection of money judgments under the law of this State." 725 ILCS 5/113—3.1(g) (West 1996). However, there is no provision in the laws of this State for the collection of money judgments by forced labor.

The trial court conditioned its appointment of counsel on defendant performing 80 hours of community service, specifically stating the appointment of the public defender would be vacated if defendant did not "work off" the costs of the public defender's services with the probation office. A defendant's right to counsel is protected by the sixth amendment and any person who is too poor to hire a lawyer must have one appointed for him in both state and federal court. *Gideon v. Wainwright*, 372 U.S. 335, 339-45, 9 L. Ed. 2d 799, 802-06, 83 S. Ct. 792, 794-97 (1963). In keeping with such well-settled constitutional mandates, section 113—3 of the Code requires an attorney be appointed to a defendant if the trial court determines the defendant is indigent and desires counsel. 725 ILCS 5/113—3 (West 1996); *Love*, 177 Ill. 2d at 553, 687 N.E.2d at 34. Section 113—3.1, while providing for reimbursement of the county for the services provided by such appointed counsel, does not provide a person otherwise entitled to counsel must forfeit counsel if payment cannot be made or "worked off." In fact, an ability to pay for the services on the part of a defendant must be determined by the trial court before an order of reimbursement can be entered. 725 ILCS 5/113—3.1(a) (West 1996); *Love*, 177 Ill. 2d at 563, 687 N.E.2d at 38.

The trial court's order requiring defendant to perform 80 hours of community service in exchange for the services of the public defender is beyond the statutory provisions for a reimbursement order found in section 113—3.1. The order is, therefore, void. Accordingly, we vacate it.

■ Defendant next argues his sentence of five years in prison should be vacated also on the basis of the constitutional prohibition against double jeopardy. The fifth amendment guarantee against double jeopardy protects against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after a conviction; and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717-18, 23 L. Ed. 2d 656, 664-65, 89 S. Ct. 2072, 2076-77 (1969); *In re P.S.*, 175 Ill. 2d 79, 84, 676 N.E.2d 656, 659 (1997). Defendant argues because community service is an authorized form of punishment as a form of probation (730 ILCS 5/5—6—3(a)(6) (West 1996)), and the offense to which he pleaded guilty, aggravated robbery, is a Class 1 felony, punishable by not more than four years of probation (720 ILCS 5/18—5; 730 ILCS 5/5—6—2(b)(1) (West 1996)), sentencing him to five years' imprisonment after he already was ordered to perform community service is a violation of the prohibition against double jeopardy in the form of multiple punishments for the same offense.

■ Defendant's interpretation of the guarantee against double jeopardy is flawed. It specifically applies only to multiple punishments for the same offense. Here, defendant's term of imprisonment was for aggravated robbery while the order of community service work applied to his representation by the public defender. The reimbursement order was not for *any* offense, let alone the *same* offense as defendant's prison sentence. The prohibition against double jeopardy is simply not applicable here.

■ Finally, defendant contends he must receive a new hearing on his motion to reduce sentence because his counsel failed to timely file the certificate required under Supreme Court Rule 604(d). 145 Ill. 2d R. 604(d). The motion to reduce sentence was filed on March 31, 1997, and denied after a hearing on May 7. The certificate was filed on June 3. Strict compliance with the requirements of Rule 604(d) is required and means filing of the attorney certificate must precede or be simultaneous with the hearing on the motion in the trial court. *People v. Shirley*, 181 Ill. 2d 359, 370-71, 692 N.E.2d 1189, 1195 (1998). The proper remedy for failing to file the certificate in a timely manner is a remand to afford the defendant another opportunity. *People v. Janes*, 158 Ill. 2d 27, 35-36, 630 N.E.2d 790, 793-94 (1994). The State argues the facts in this case do not require a remand.

However, due to the recent decision in *People v. Evans*, 174 Ill. 2d 320, 673 N.E.2d 244 (1996), we need not determine whether the State or defendant is right in this case. The court in *Evans* held that when a defendant enters into a negotiated guilty plea he cannot attack his sentence unless he moves to withdraw the plea. *Evans*, 174 Ill. 2d at 332, 673 N.E.2d at 250.

■ In this case, defendant filed only a motion to reduce sentence and no motion was filed in regard to the plea itself. The record indicates the plea was the result of negotiations that resulted in the dropping of the more serious charge, armed robbery, and a plea to the lesser charge of aggravated robbery. The parties further agreed, if defendant did not receive a sentence of probation, the State would ask for a sentence of only 5 years, well within the statutory limits of 4 to 15 years for a Class 1 felony. See 720 ILCS 5/18—5; 730 ILCS 5/5—8—1(a)(4) (West 1996). That is precisely the sentence defendant received. His motion to reduce sentence was based only on defendant's assertions the sentence was excessive and he is barred from protesting the sentence under *Evans*. Therefore, the issue involving the timeliness of the Rule 604(d) certificate is legally irrelevant.

Accordingly, since the order requiring defendant to perform community service work in exchange for the services of the public defender is outside the authority of the trial court, we find the order is void and is vacated. We affirm defendant's sentence of five years' imprisonment and find it is not the result of multiple punishments for the same offense in violation of the prohibition against double jeopardy. Finally, as defendant did not file a motion to withdraw his negotiated guilty plea before moving to reduce his sentence, whether the Rule 604(d) certificate was timely filed is irrelevant and the denial of the motion to reduce sentence is affirmed.

Affirmed in part and vacated in part.

GARMAN, P.J., and COOK, J., concur.