No. 2--97--0553

October 27, 1998

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Stephenson County.

)

Plaintiff-Appellee, ) No. 95--CF--386  

                                )                   

v. )

)

MARTIN J. WORDEN, ) Honorable

) Charles R. Hartman, 

Defendant-Appellant. ) Judge, Presiding.

________________________________________________________________

JUSTICE RATHJE delivered the opinion of the court:

Defendant, Martin Worden, pleaded guilty to aggravated criminal sexual assault (720 ILCS 5/12--14(b)(1) (West 1994)).  The trial court sentenced him to six years' imprisonment.  Defendant appeals, contending that he should have the mittimus corrected to reflect that he is eligible for good-conduct credit without reference to the recently enacted truth-in-sentencing legislation.  We affirm the judgment as modified.

Defendant agreed to plead guilty in exchange for a six-year sentence and the State's agreement to dismiss two misdemeanor charges.  After delaying sentencing to examine the presentence materials, the trial court concurred in the agreement and sentenced defendant to six years in prison.

Defendant filed a 
pro se
 notice of appeal that included allegations amounting to grounds to withdraw his guilty plea.  This 
court found that the trial court's admonishments pursuant to Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)) were insufficient and remanded the cause to the trial court to permit defendant to file a postplea motion.  
People v. Worden
, No. 2--96--0607 (October 18, 1996) (unpublished order pursuant to Supreme Court Rule 23).

Defendant thereafter moved to withdraw his guilty plea, contending that he was mistakenly told that the "truth-in-

sentencing" provisions requiring him to serve at least 85% of his sentence did not apply to him.  Following a hearing, the trial court denied the motion.  Defendant filed a timely notice of appeal.

On appeal, defendant argues that he is not subject to the truth-in-sentencing provisions because this court has held the implementing legislation unconstitutional.  In 
People v. Reedy
, 295 Ill. App. 3d 34, 42 (1998), 
appeal allowed
, 178 Ill. 2d 591 (1998), we held that Public Act 89--404, (Pub. Act 89--404, eff. August 20, 1995) containing the truth-in-sentencing provisions, was passed in violation of the single subject rule of the Illinois constitution (Ill. Const. 1970, art. IV, §8(d)).

The State responds to defendant's argument by asking us to overrule 
Reedy
.  The State maintains that it can demonstrate a natural and logical connection between the various sections of Public Act 89--404.  Therefore, the act does not violate the constitution because all of its provisions pertain to a single subject.

We issued 
Reedy
 on March 11, 1998.  Generally, when a rule of law has been settled, contravening no statute or constitutional principles, the rule ought to be followed under the doctrine of 
stare decisis
 unless it can be shown that serious detriment is likely to arise that will prejudice the public interest.  
Pasquale v. Speed Products Engineering
, 166 Ill. 2d 337, 349 (1995).  
Stare decisis
 is a policy of the courts to leave settled points of law undisturbed.  
People v. Goebel
, 284 Ill. App. 3d 618, 624 (1996).  Absent compelling reasons for doing so, courts are reluctant to abandon or modify an earlier decision of the court soon after its adoption.  
People v. Delatorre
, 279 Ill. App. 3d 1014, 1020 (1996).

The State, while castigating this court for "consistently declin[ing] to reconsider the 
Reedy
 decision or to even address the new arguments," does not itself address the important policy considerations underlying the 
stare decisis
 doctrine.  The State does not posit any "serious detriment" it will suffer if 
Reedy
 is left undisturbed.  As both parties point out, 
Reedy
 is presently on appeal to the supreme court.  If this court were to overrule 
Reedy
 at this point in time, the decision would likely have little practical effect.  However, because Public Act 89--404 does implicate potentially important public interests, and in the interest of maintaining a sound, well-reasoned body of precedent, we will consider the State's arguments.

Article IV, section 8(d) of the Illinois Constitution provides as follows:

"Bills, except bills for appropriations and for the codification, revision or rearrangement of laws, shall be confined to one subject."  Ill.  Const. 1970, art. IV, §8(d).

The single subject rule is a substantive requirement for the passage of bills and is therefore subject to judicial review.  
People v. Dunigan
, 165 Ill. 2d 235, 254 (1995).  One purpose of the rule is to prevent the passage of legislation that, standing alone, could not muster the necessary votes for passage.  
Geja's Café v. Metropolitan Pier & Exposition Authority
, 153 Ill. 2d 239, 258 (1992).  Another purpose of the rule is to permit legislators to consider pending legislation in an orderly fashion, with an appropriate opportunity to read and discuss each bill as it comes up for consideration.  See 
Johnson v. Edgar
, 176 Ill. 2d 499, 514-

15 (1997).  The term "subject" must be liberally construed and the subject may be as broad as the legislature chooses.  
Cutinello v. Whitley
, 161 Ill. 2d 409, 423-24 (1994).  Nevertheless, the matters included in each bill must have some natural and logical connection.  
Johnson
, 176 Ill. 2d at 515.

In 
Johnson
, the supreme court invalidated another public act (Pub. Act 89--428, eff. Dec. 13, 1995) because it violated the single subject rule.  After detailing the numerous provisions of Public Act 89--428 and its legislative history, the court concluded, "By no fair intendment may the many discordant provisions in Public Act 89--428 be considered to possess a natural and logical connection."  
Johnson
, 176 Ill. 2d at 517.  The court could not find any logical connection between topics as diverse as child sex offenders, employer eavesdropping, and environmental impact fees imposed on the sale of fuel.  
Johnson
, 176 Ill. 2d at 517.

 In 
Reedy
, this court followed 
Johnson
 in finding that Public Act 89--404 also violated the single subject rule.  
Reedy
, 295 Ill. App. 3d at 42.  We found that the bill's various provisions, including removal of the homestead exemption from property subject to forfeiture, increasing the burden of proof to assert the insanity defense in a criminal case, truth-in-sentencing legislation, and new procedures for the perfection and attachment of hospital liens, lacked the natural and logical connection to be considered a single subject.  
Reedy
, 295 Ill. App. 3d at 42.

In 
People v. Pitts
, 295 Ill. App. 3d 182 (1998), the Appellate Court, Fourth District, also held that Public Act 89--404 violated the single subject rule.  That court found a sufficient connection between 9 of the act's 10 provisions in that they all related in some fashion to criminal law or procedure.  
Pitts
, 295 Ill. App. 3d at 189.  However, the court could not find the necessary connection between those provisions and section 50 of the act that amended the Hospital Lien Act (Pub. Act 89--404, §50, eff. August 20, 1995 (amending 770 ILCS 35/1 
et seq.
 (West 1996))) and thus found the enactment unconstitutional in its entirety.  
Pitts
, 295 Ill. App. 3d at 189.

The State first urges us to follow 
Pitts
 to the extent it holds that 9 of the 10 provisions of Public Act 89--404 are connected under the general rubric of criminal law and procedure.  Next, the State, while acknowledging that it failed to do so before, argues that it can supply the necessary connection between the other nine sections of the act and the hospital lien amendments.

According to the State, all the provisions relate to the single subject of "police/law enforcement matters."  While admitting that the connection is not "readily apparent," the State argues that the Hospital Lien Act applies, 
inter alia
, to hospitals owned by counties.  See 770 ILCS 35/1 (West 1996).  The State's Attorney of each county is required to prosecute all actions in which the people of the county are concerned.  55 ILCS 5/3--9005 (West 1996).  Thus, the State's Attorney would be responsible for perfecting and enforcing the lien of a county hospital.  The State notes that then Cook County State's Attorney Jack O'Malley testified in favor of the legislation before the Senate committee that was considering the bill.

We simply cannot accept that the fact that State's Attorneys prosecute criminals and may also enforce hospital liens in some cases establishes the necessary connection between the otherwise unrelated provisions.  That some of a State's Attorney's duties relate to law enforcement does not render every action of the State's Attorney one in pursuance of law enforcement.

A State's Attorney's role under the Hospital Lien Act is dissimilar to his role in the criminal justice system.  While he may "enforce" the criminal laws by securing the indictment and conviction of offenders, the State's Attorney does not "enforce" the Hospital Lien Act.  Rather, the Hospital Lien Act merely offers him or her a means of enforcing the county hospital's common-law contractual right to payment.

Moreover, by its terms, the Hospital Lien Act also applies to private, nonprofit hospitals.  770 ILCS 35/1 (West 1996).  The State does not explain how a private entity's attempt to enforce its contractual rights against another private entity relates in any manner to law enforcement.

Normally, "law enforcement" refers to the enforcement of the criminal laws, not civil remedies.  See 
Henderson v. Bradford
, 168 Ill. App. 3d 777, 782 (1988); Ill. Rev. Stat. 1985, ch. 48, par. 282(a) (now 820 ILCS 315/2(a) (West 1996) ("law enforcement officer" means " 'any person employed *** as a policeman, peace officer, auxiliary policeman or in some like position ***' ")).  Another provision of Public Act 89--404, although ineffectual, contains a definition of "Law enforcement agency" as "a municipal police department or county sheriff's office of this State."  Pub. Act 89--404, §30, eff. August 20, 1995.  This definition belies any inference that the legislature could have considered the Hospital Lien Act provisions as connected to the rest of the statute by virtue of being a law enforcement measure.

In this regard, the State's argument is little more than a reformulation of its contention--rejected in 
Reedy
 and 
Pitts
--that the provisions of Public Act 89--404 are logically connected because they all relate to "governmental matters."  We observed in 
Reedy
 that virtually every piece of legislation concerns in some fashion the affairs of the government and that construing the single subject rule to embrace such a broad subject would effectively write it out of the constitution as a meaningful constraint on the legislative power.  
Reedy
, 295 Ill. App. 3d at 43; see also 
Pitts
, 295 Ill. App. 3d at 189.  Similarly, defining "law enforcement" as the State does--any government action taken pursuant to a law--and permitting it to serve as the requisite subject would render the single subject rule meaningless.  Virtually every action taken by a government official is mandated or authorized by some law.  This contention, too, fails to give the single subject rule and the 
Johnson
 holding their proper scope.

The State next contends that the legislative debates on Public Act 89--404, which we cited in 
Reedy
, demonstrate that the legislature complied with the "spirit" of the single subject rule.  The State quotes the comments of Senator Kirk Dillard to the effect that each of the provisions comprising Public Act 89--404 had already passed both houses nearly unanimously.  See 
Reedy
, 295 Ill. App. 3d 34, 42, citing 89th Ill. Gen. Assem., Senate Proceedings, May 24, 1995, at 60 (statements of Senator Dillard).  The State contends that these comments show that the legislature complied with the "spirit" of the single subject rule because each of the provisions would have passed the legislature on its own merits.  The State urges us to create a balancing test whereby "a defendant's right to raise a constitutional challenge to legislation based on an alleged title or single subject matter violation must be balanced against the need for finality in legislation."

The short answer to this contention is that neither the constitution nor 
Johnson
 provides for such a test.  As with any other statute, w
here the constitution's language is clear and unambiguous, it should be given its plain and ordinary meaning.  See 
Sassali v. Rockford Memorial Hospital
, 296 Ill. App. 3d 80, 83 (1998).  Nothing in the language of article IV, section 8, demonstrates an intention by the drafters of the constitution to create a balancing test.  The supreme court in 
Johnson
 expressly held that the single subject rule is a substantive requirement subject to judicial review.  
Johnson
, 176 Ill. 2d at 514.  The court omitted to prescribe a balancing test whereby a party's substantive right to relief must be balanced against administrative convenience.  We are not authorized to engraft such a provision onto the constitution.

In any event, 
Johnson
 observed that the single subject rule has at least two purposes.  While the State's argument addresses the first concern the court mentioned, the possibility of piggybacking unpopular legislation on the back of popular measures, the State does not address the second concern identified in 
Johnson
.  The comments the State cites give no indication whether and to what extent the individual measures were considered by the two houses prior to passage.  See 
Johnson
, 176 Ill. 2d at 514-15.

Finally, the State argues that, even if we reaffirm 
Reedy
, we cannot grant defendant the relief he seeks, but must remand the cause to the circuit court for resentencing.  The State maintains that the unconstitutionality of the truth-in-sentencing provisions renders defendant's sentence void 
ab initio
 and, because the court imposed a void sentence, we must remand the cause.  We disagree.

Neither 
Reedy
 nor 
Pitts
 found that the sentences were void.  Rather, both courts merely modified the sentences to reflect the proper computation of credit.  As in those cases, defendant's sentence is not void.  He was sentenced to six years' imprisonment.  A six-year sentence was, and continues to be, an authorized sentence for aggravated criminal sexual assault.  See 720 ILCS 5/12--14(b)(1) (West 1994); 730 ILCS 5/5--8--1(a)(3) (West 1994).  
Although the invalidation of the truth-in-sentencing provisions potentially affects the percentage of his sentence that defendant may eventually have to serve, it does not render the entire sentence void from its inception.

We similarly reject the State's contention that the record evidences the trial court's intention that defendant serve 5.1 years in prison, the time he would have been required to serve under the truth-in-sentencing provisions.  Rather, the record merely reflects that the trial court concurred in the parties' agreement that defendant receive the minimum sentence of six years.  In summary, we continue to hold that Public Act 89--404 is invalid; defendant is entitled to receive the good-time credit for which he would have been eligible prior to its enactment.  The mittimus is hereby corrected to reflect that he is eligible to receive day-for-

day good-time credit.

The judgment of the circuit court of Stephenson County is affirmed as modified.

Affirmed as modified.

GEIGER, P.J. and INGLIS, J., concur.