THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MAURICE DEAN, Defendant-Appellant.

Second District   No. 2—96—1495

Opinion filed April 1, 1999.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, for appellant.

David R. Akemann, State's Attorney, of St. Charles (Martin P. Moltz and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GALASSO delivered the opinion of the court:

After a bench trial, defendant, Maurice Dean, was convicted of armed violence (720 ILCS 5/33A—2 (West 1996)) predicated on aggravated battery (720 ILCS 5/12—4(a)(1) (West 1996)) and home invasion (720 ILCS 5/12—11(a) (West 1996)). He received 10 years' imprisonment for armed violence and 6 years' imprisonment for home invasion. On appeal, defendant argues that (1) the evidence did not prove him guilty beyond a reasonable doubt; (2) his conviction of armed violence must be reversed because it is improperly based on aggravated battery with a deadly weapon (720 ILCS 5/12—4(b)(1) (West 1996)); and (3) his sentence for armed violence is not subject to the "truth-in-sentencing" law (730 ILCS 5/3—6—3(a)(2)(ii) (West 1996)).

We hold that (1) the evidence proved defendant guilty; (2) defendant's armed violence conviction is properly based on aggravated battery involving great bodily harm; and (3) defendant is not entitled to day-for-day good-conduct credit against his sentence for armed violence. We affirm the judgment as modified.

Defendant contends, first, that he was not proved guilty because the State's occurrence witnesses, the victim, and the victim's

girlfriend, were unworthy of belief. Defendant observes that, before the stabbing, the victim had been drinking beer for several hours. A test shortly after the stabbing showed the victim's blood-alcohol content was 0.316, more than three times the minimum for legal intoxication (see 625 ILCS 5/11—501(a)(1) (West 1996)). According to defendant, the victim's girlfriend had also been drinking the day of the stabbing. Defendant asserts that the witnesses' drinking habits and alcohol consumption on the day of the offense make their testimony inherently untrustworthy.

Defendant notes other infirmities in the testimony. According to the officer who showed them a photographic lineup, neither the victim nor his girlfriend positively identified defendant; the girlfriend picked out someone else, although the victim did say that defendant's photograph looked like the attacker. Also, the victim and his girlfriend had a history of domestic violence, including several incidents where the police were called and the victim or his girlfriend soon dropped the charges. They admitted that, shortly before the stabbing, they had an argument of some sort. Defendant's posttrial motion introduced proof that, a week after the jury convicted defendant, the victim pleaded guilty to the aggravated battery of his girlfriend. As he did at trial, defendant urges that the witnesses may have framed him to cover up the result of one of their recurrent quarrels.

■ Our review is limited to asking whether all the evidence, when considered in the light most favorable to the prosecution, is sufficient to convince any rational fact finder that the elements of the offense have been proved beyond a reasonable doubt. *People v. Brown*, 169 Ill. 2d 132, 152 (1996). We do not retry the defendant. *People v. Digirolamo*, 179 Ill. 2d 24, 43 (1997). The fact finder weighs the credibility of the witnesses and resolves any conflicts or inconsistencies in their testimony, and we may not substitute our judgment on these matters for that of the fact finder. *Digirolamo*, 179 Ill. 2d at 46.

■ Given our deference to the fact finder's credibility decisions, we cannot say the evidence of defendant's guilt is insufficient. In court, both the victim and his girlfriend identified defendant as the perpetrator. They gave reasonably, although not entirely, consistent accounts of the events leading up to and following the attack. The victim also stated that a photograph of defendant looked like the perpetrator, although he did not make a positive identification.

Although the victim was almost certainly quite intoxicated when he was stabbed, there was—as the trial court noted—no evidence of how much his intoxication interfered with his ability to perceive the nature of the attack or identify his attacker. The victim's girlfriend testified that, in the hours before the stabbing, she had little to drink;

the trial court could have credited this assertion. Defendant's characterization of these two witnesses as "habitual drunkards and alcoholics" inherently unworthy of belief is an overstatement, and one the trial court surely could properly reject after observing them testify. This case turned on the witnesses' credibility; once the trial court believed them, it had ample evidence of defendant's guilt.

Defendant's second contention is that his conviction of armed violence was an impermissible double enhancement because it was predicated on aggravated battery with a deadly weapon (720 ILCS 5/12—4(b)(1) (West 1996)). The trial court found that the conviction was properly predicated on aggravated battery causing great bodily harm (720 ILCS 5/12—4(a) (West 1996)). We agree with the trial court.

■ Armed violence may not be predicated on aggravated battery by use of a deadly weapon but may be based on aggravated battery causing great bodily harm. *People v. Miller*, 284 Ill. App. 3d 16, 21-22 (1996). As pertinent here, the indictment states that defendant, "while armed with a dangerous weapon, a knife, performed acts in violation of Illinois Compiled Statutes, Chapter 720, Section 5/12—4A [*sic*], and committed the felony of Aggravated Battery in that he stabbed [the victim]." Observing that the aggravated battery statute has no section "12—4A," defendant asserts that the use of the phrase "armed with a dangerous weapon" implies that the armed violence charge is predicated on aggravated battery by the use of a deadly weapon (720 ILCS 5/12—4(b)(1) (West 1996)).

■ We believe that the indictment properly charges defendant with armed violence based on section 12—4(a) and that the reference to "Section 5/12—4A" is an inconsequential typographical error. A formal defect in an indictment may be corrected at any time. 725 ILCS 5/111—5 (West 1996); *People v. Kimbrough*, 163 Ill. 2d 231, 244-45 (1994).

We reject defendant's assertion that the indictment actually charges armed violence based on aggravated battery with a deadly weapon. The count of the indictment charging defendant with armed violence nowhere refers to subsection 12—4(b)(1). The phrase "armed with a dangerous weapon" merely tracks the armed violence statute itself. See 720 ILCS 5/33A—2 (West 1996).

■ Defendant's third contention is that the "truth-in-sentencing" law (see 730 ILCS 5/3—6—3(a)(2)(ii) (West 1996)) does not apply to his 10-year sentence for armed violence. In *People v. Reedy*, 295 Ill. App. 3d 34 (1998), this court held that Public Act 89—404 (Pub. Act 89—404, eff. August 20, 1995), through which the legislature originally enacted the truth-in-sentencing law, violated the Illinois Constitution's single subject rule (Ill. Const. 1970, art. IV, § 8(d)). However, the

legislature passed another act (Pub. Act 89—462, eff. May 29, 1996) with the same truth-in-sentencing law. In this case, the defendant's offense occurred on June 22, 1996, after Public Act 89—462 took effect. Therefore, if Public Act 89—462 is valid, the defendant could still be deprived of day-for-day good-conduct credit.

Recently, our supreme court upheld this court's decision in *Reedy*. *People v. Reedy*, 186 Ill. 2d 1 (1999). In addition the supreme court also held that Public Act 89—462 did not serve as curative legislation for any portion of Public Act 89—404. *People v. Reedy*, 186 Ill. 2d at 15. The court concluded as follows:

"In light of our previous discussion with respect to curative legislation, we note that, unlike all preceding amendments to Public Act 89—404, Public Act 90—592 [(Pub. Act 90—592, eff. June 19, 1998)] truly served to cure the effect that the former act's invalidation had on the truth-in-sentencing law. Like the curative legislation deemed applicable in [*Johnson v. Edgar*], 176 Ill. 2d 499 (1997)], Public Act 90—592 recodified the truth-in-sentencing legislation in its entirety. Noting that the best evidence of the legislature's intent is found in the plain language of a statute [citations] and that subsection (a)(2) of Public Act 90—592 clearly states the legislature's intention to apply the revisited truth-in-sentencing law in a prospective manner only, we hold that these reenacted provisions do not apply to defendants in this case. This result is mandated by the language of subsection (a)(2), which applies the curative truth-in-sentencing legislation to offenses committed on or after June 19, 1998." *Reedy*, 186 Ill. 2d at 17-18.

Since the offense in this case took place prior to June 19, 1998, the defendant is entitled to day-for-day good-conduct credit against his sentence for armed violence, and we modify the judgment in this case to so specify.

The judgment of the circuit court of Kane County is affirmed as modified.

Affirmed as modified.

GEIGER and INGLIS, JJ., concur.