THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CLARENCE THOMAS BASHAW, Defendant-Appellant.

Second District    No. 2—97—1039

Opinion filed April 29, 1999.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Beth Katz, of Wheeling, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz and Richard S. London, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COLWELL delivered the opinion of the court:

Following a jury trial in April 1997, defendant, Clarence Thomas

Bashaw, was found guilty of first degree murder (720 ILCS 5/9—1(a)(2) (West 1996)). The offense was alleged to have occurred on or about October 11, 1995. Defendant's posttrial motions were denied. Following a hearing in September 1997, the circuit court sentenced the 21-year-old defendant to 60 years' imprisonment, the maximum nonextended term (see 730 ILCS 5/5—5—3.2(b)(4), 5—8—2(1) (West 1996) (providing for extended term of up to 100 years)). The court considered the young age of the victim as an aggravating factor but chose not to impose an extended term. The trial court stated that defendant's sentence was subject to the truth-in-sentencing law (730 ILCS 5/3—6—3(a)(2)(i) (West 1996) (Pub. Act 89—404, eff. August 20, 1995)) and that he would therefore not be eligible for day-for-day good-conduct credit. Defendant's motion to reconsider the sentence was denied on October 21, 1997, and this timely appeal followed.

On appeal, defendant argues that he is entitled to day-for-day good-conduct credit. He relies on *People v. Reedy*, 295 Ill. App. 3d 34 (1998), *aff'd*, 186 Ill. 2d 1 (1999) (modifying opinion of January 22, 1999, upon denial of rehearing). In *Reedy*, the truth-in-sentencing law was declared unconstitutional because it violated the single subject rule of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)). Defendant requests that this court correct the sentencing order to include explicit directions that the Department of Corrections afford defendant day-for-day good-conduct credit against his sentence.

The State argues that this court should reconsider its decision in *Reedy*. Alternatively, the State requests this court to remand the cause for a new sentencing hearing because (1) the sentence is void *ab initio* since the trial court considered an improper provision and was under a misapprehension of the law in imposing the sentence; and (2) the trial court would likely have imposed a longer term of imprisonment had the truth-in-sentencing law not been found applicable and an increase in the sentence on remand is permissible under the circumstances.

Our supreme court's recent decision in *Reedy* is controlling. We have also previously rejected the thrust of these two arguments in *People v. Hindson*, 301 Ill. App. 3d 466, 481 (1998), and *People v. Worden*, 299 Ill. App. 3d 836, 842 (1998). Upon denying a rehearing in *Reedy*, the supreme court has also rejected the State's arguments. The supreme court held that, where there was no evidence in the record that the defendants' sentences were defective because they were not imposed in compliance with the statutory sentencing guidelines and the sentences were otherwise proper, a remand would not be ordered for the trial courts to reconsider the sentences in light of the invali-

dated truth-in-sentencing law. *Reedy*, 186 Ill. 2d at 16. The supreme court explained:

"Although the good-conduct credit scheme which may have been considered by the sentencing courts was invalid, the sentences imposed against defendants were, nevertheless, proper. Furthermore, it would be sheer speculation on our part to surmise the extent to which each sentencing court has ultimately factored in the truth-in-sentencing law's good-conduct credit scheme in imposing each sentence against every defendant before it. Consequently, we find no justification for disturbing any statutorily sound sentence imposed against any defendant under the void truth-in-sentencing law." *Reedy*, 186 Ill. 2d at 16-17.

Neither this court nor the supreme court in affirming our decision in *Reedy* remanded the cause for resentencing as a result of the unconstitutional infirmity in the credit provisions. Indeed, the supreme court specifically determined that a remand was unnecessary. We are bound to follow the supreme court's decision, and we adhere to our precedents as well.

In the present case, defendant's sentence is not subject to the truth-in-sentencing law. The law was invalid at the time he committed the offense. A valid truth-in-sentencing law is only to be applied prospectively. See *Reedy*, 186 Ill. 2d at 17; *People v. Dean*, 303 Ill. App. 3d 758, 762 (1999). The mittimus is hereby corrected to reflect that defendant is eligible to receive day-for-day good-conduct credit against his sentence. The Department of Corrections is enjoined from enforcing the truth-in-sentencing law against defendant. *Reedy*, 295 Ill. App. 3d at 44.

The judgment of the circuit court of Winnebago County is affirmed as modified.

Affirmed as modified; mittimus corrected.

THOMAS and RAPP, JJ., concur.