THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY L. BAILEY, Defendant-Appellant.

Second District    Nos. 2—98—0211, 2—98—0212 cons.

Opinion filed September 24, 1999.

227

HUTCHINSON, J., specially concurring.

G. Joseph Weller and Jack Hildebrand, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz and Richard S. London, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COLWELL delivered the opinion of the court:

Defendant, Gary L. Bailey, pleaded guilty to one count each of predatory criminal sexual assault of a child (720 ILCS 5/12—14.1(a)(1) (West 1996)) and aggravated criminal sexual assault (720 ILCS 5/12—14(b)(1) (West 1994)). In exchange for defendant's guilty plea, the State agreed to dismiss other charges that, if proved, would have made defendant eligible for mandatory consecutive sentences. The trial court accepted the plea and imposed 2 consecutive 10-year prison terms in its discretion.

On appeal, defendant argues that he is entitled to a remand because his trial counsel failed to file a certificate as required by Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). Defendant also contends that the trial court improperly sentenced him under the invalidated truth-in-sentencing law (730 ILCS 5/3—6—3(a)(2)(ii) (West Supp. 1995)). The State responds that we must dismiss defendant's appeal because he failed to move to withdraw his guilty plea before challenging his sentences. Because we conclude that defendant's claims are not waived, we modify defendant's mittimus to reflect that he is eligible for day-for-day good-conduct credit while imprisoned. We also remand the cause for the trial court to admonish defendant of his right to move to withdraw his guilty plea and vacate his sentence and the consequences of doing so.

Defendant pleaded guilty in two unrelated cases. The factual basis for the plea to predatory criminal sexual assault of a child reveals that on August 22, 1997, defendant committed an act of sexual penetration with his eight-year-old niece while he was baby-sitting. The facts sup-

porting the aggravated criminal sexual assault plea reveal that between May and August 1995 defendant committed acts of sexual penetration with another niece who was six years old at the time.

Defendant was initially charged with two counts of predatory criminal sexual assault of a child for his encounter with the eight-year-old niece. He was additionally charged with two counts of aggravated criminal sexual assault for the offense against his six-year-old niece. Defendant agreed to plead guilty in exchange for the State's dismissal of one predatory sexual assault of a child charge and one aggravated sexual assault charge. The State agreed to dismiss the charges so that defendant would not be eligible for mandatory consecutive sentences pursuant to section 5—8—4(a) of the Unified Code of Corrections (Code) (730 ILCS 5/5—8—4(a) (West 1994)). The parties did not agree to a specific sentence or sentence cap but agreed that the trial court could impose consecutive sentences in its discretion according to section 5—8—4(b) of the Code (730 ILCS 5/5—8—4(b) (West 1994)).

The trial court accepted defendant's guilty plea and sentenced him to 2 consecutive 10-year prison terms. The court ordered defendant to serve 85% of his aggregate sentence pursuant to the truth-in-sentencing statute (730 ILCS 5/3—6—3(a)(2)(ii) (West Supp. 1995)). The court told defendant that he had 30 days either to file a motion to withdraw his guilty plea or a motion requesting the court to reconsider his sentence.

Defendant filed a motion to reconsider his sentence without first moving to withdraw his guilty plea. Moreover, defense counsel failed to file a certificate under Rule 604(d). The trial court denied defendant's motion to reconsider, and this appeal followed.

Defendant first argues that the trial court improperly ordered him to serve 85% of his aggregate sentence under the invalidated truth-in-sentencing statute. The State responds that this appeal should be dismissed because defendant failed to withdraw his guilty plea before challenging his sentence. We agree with defendant, and we modify his mittimus to reflect that he is eligible for day-for-day good-conduct credit while imprisoned.

In *People v. Evans*, 174 Ill. 2d 320 (1996), the supreme court held that when a defendant pleads guilty to certain charges in exchange for the State's agreement to dismiss other charges and recommend a specific sentence, the defendant may not seek reconsideration of that sentence unless he also moves to withdraw his plea. *Evans*, 174 Ill. 2d at 327. The court later extended this rule to include plea agreements involving sentencing caps. *People v. Linder*, 186 Ill. 2d 67, 74 (1999). If a defendant fails to move to withdraw his negotiated guilty plea and challenges the sentence as merely excessive, we will dismiss the appeal. See *Linder*, 186 Ill. 2d at 74.

In his special concurrence in *Linder*, Chief Justice Freeman described four plea scenarios that may occur when a defendant decides to forego the right to a trial: (1) the "open" guilty plea, (2) the "negotiated as to charge" plea, (3) the "negotiated as to charge and/or sentence" plea, and (4) the "fully negotiated" plea. *Linder*, 186 Ill. 2d at 77-78 (Freeman, C.J., specially concurring). Here, the State dismissed certain charges so that defendant would be ineligible for mandatory consecutive sentences. Because this sentencing concession induced defendant to plead guilty, we conclude that his plea was "negotiated as to charge and sentence" as described by Chief Justice Freeman. See *Linder*, 186 Ill. 2d at 77-78 (Freeman, C.J., specially concurring). When a defendant fails to move to withdraw such a guilty plea, his claim that the sentences were merely excessive may be waived. *People v. Payne*, 294 Ill. App. 3d 254, 258 (1998); *People v. Catron*, 285 Ill. App. 3d 36, 38 (1996).

However, in *People v. Williams*, 179 Ill. 2d 331 (1997), the supreme court held that a defendant need not move to withdraw his guilty plea before challenging his sentence if the sentence "does not conform with the statute." *Williams*, 179 Ill. 2d at 333. In *Williams*, the defendant pleaded guilty to retail theft (720 ILCS 5/16A—3(a) (West 1994)) after the State agreed to dismiss a burglary charge (720 ILCS 5/19—1(a) (West 1994)) and recommend a seven-year sentence cap. The trial court imposed consecutive sentences of 3 years' imprisonment and 30 months' probation for the theft. The defendant did not challenge his sentences as excessive but argued that the trial court had no statutory authority to impose consecutive prison and probation terms for a single offense. The supreme court agreed and concluded that *Evans* did not bar the defendant's claim that his sentences were void for nonconformity with the statute. *Williams*, 179 Ill. 2d at 333.

The supreme court has since reaffirmed this position, holding that "a challenge to a trial court's statutory authority to impose a particular sentence is not *waived* when a defendant fails to withdraw his guilty plea and vacate the judgment." (Emphasis added.) *People v. Wilson*, 181 Ill. 2d 409, 413 (1998). The court concluded that, under those circumstances, a court may review a challenge to an improper sentence. *Wilson*, 181 Ill. 2d at 413.

Recently this court has also resolved the *Evans* issue as one of waiver. In *People v. Didier*, 306 Ill. App. 3d 803 (1999), the defendant pleaded guilty to 15 counts of burglary (720 ILCS 5/19—1(a) (West 1996)) after the State agreed to dismiss 7 other counts and request a 14-year sentence cap. Although the defendant was eligible for only 3- to 7-year sentences, the trial court imposed concurrent 10-year sentences. The defendant failed to move to withdraw his plea and to vacate the sentence.

Relying on *Williams* and *Wilson*, this court held that *Evans* did not bar the defendant's claim that his sentences exceeded the statutory maximum. *Didier*, 306 Ill. App. 3d at 806. Because the trial court imposed a void sentence, this court remanded the cause for resentencing. *Didier*, 306 Ill. App. 3d at 807.

Consistent with the supreme court's decisions in *Wilson* and *Williams* and this court's decision in *Didier*, the Appellate Court, Fourth District, has also resolved the *Evans* issue as one of waiver. In *People v. McCaskill*, 298 Ill. App. 3d 260 (1998), the trial court ordered the defendant to perform community service in exchange for the services of the public defender. The defendant failed to move to withdraw his guilty plea before challenging this portion of his sentence.

On appeal, the court concluded that the order was void because the statute authorizing reimbursement for the services of appointed counsel did not provide for that type of reimbursement. The court held that the application of the waiver rule was inappropriate because the trial court failed to adhere to the statute when it fashioned the reimbursement order. *McCaskill*, 298 Ill. App. 3d at 265.

Furthermore, in *People v. Economy*, 291 Ill. App. 3d 212 (1997), the Appellate Court, Fourth District, held that the defendant waived the issue of whether he was properly sentenced because he failed to move to withdraw his guilty plea. *Economy*, 291 Ill. App. 3d at 216. The court did not dismiss the defendant's appeal for lack of jurisdiction.

Finally, in *Evans*, the supreme court applied contract law principles to the negotiated plea agreement in that case. The court was concerned that the defendant might "negotiate with the State to obtain the best deal possible in modifying or dismissing the most serious charges and obtain a lighter sentence than he would have received had he gone to trial or entered an open guilty plea, and then attempt to get that sentence reduced even further by reneging on the agreement." *Evans*, 174 Ill. 2d at 327-28.

The court ruled that a defendant may not hold the State to its part of the bargain while unilaterally modifying the sentence to which he had earlier agreed. *Evans*, 174 Ill. 2d at 327. However, the imposition of an unconstitutional sentence was never a part of this defendant's bargain. Therefore, we do not view his challenge to the sentence as an attempt to unilaterally modify his plea agreement.

■ *Wilson*, *Williams*, *Didier*, *McCaskill*, and *Economy* suggest that a reviewing court has jurisdiction to review a defendant's claim of improper sentencing, even though the defendant's appeal would otherwise be barred by *Evans*. Therefore, we hold that *Evans* does not limit this court's jurisdiction, and we may review as plain error

defendant's claim that the trial court imposed an unconstitutional sentence. See *Williams*, 179 Ill. 2d at 338 (Nickels, J., specially concurring).

■ Because defendant's claim was not waived, we address whether the trial court imposed an improper sentence. Defendant committed the aggravated criminal sexual assault between May and August 1995, and he committed the predatory criminal sexual assault of a child on August 22, 1997.

Defendant's sentence for aggravated criminal sexual assault must conform with the 1994 version of section 3—6—3(a)(2) (730 ILCS 5/3—6—3(a)(2) (West 1994)), because it was in effect at the time he committed the offense. See *People v. Pitts*, 295 Ill. App. 3d 182, 190 (1998). Next, defendant's sentence for predatory criminal sexual assault of a child also must conform with the 1994 version of section 3—6—3(a)(2) because the truth-in-sentencing law that was in effect at the time defendant committed that offense has since been invalidated. See *People v. Reedy*, 186 Ill. 2d 1, 15 (1999).

The trial court could not properly order this defendant to serve 85% of his aggregate sentence because he committed each offense before June 19, 1998, when the legislature cured the invalidated truth-in-sentencing law. See *Reedy*, 186 Ill. 2d at 17 (curative legislation validating truth-in-sentencing law applies prospectively); see also *People v. Dean*, 303 Ill. App. 3d 758, 762 (1999). Therefore, we conclude that defendant is eligible for day-for-day good-conduct credit while serving his 2 consecutive 10-year prison terms. We also modify the mittimus without a remand to correct the error in defendant's sentence. See *Reedy*, 186 Ill. 2d at 16-17; see also *People v. Bashaw*, 304 Ill. App. 3d 257, 259 (1999).

■ The trial court incorrectly advised defendant that he could file either a motion to withdraw his guilty plea or a motion to reconsider his sentence. Therefore, fundamental fairness requires that we remand the cause and direct the trial court to admonish defendant of his right to move to withdraw his guilty plea and vacate his sentence pursuant to Rule 604(d). See *Didier*, 306 Ill. App. 3d at 809. If defendant moves to withdraw his plea, the trial court may allow him to do so if it finds that is required to correct a manifest injustice. See *Evans*, 174 Ill. 2d at 326.

Defendant argues that he is entitled to a remand for the filing of a new motion to reconsider because his trial counsel failed to file a certificate pursuant to Rule 604(d). See *People v. Janes*, 158 Ill. 2d 27, 33 (1994). Because we are remanding the cause for new admonishments under Rule 604(d), we need not address defendant's contention that the cause must be remanded to allow him to file a new motion to

reconsider. *Didier*, 306 Ill. App. 3d at 809-10. However, on remand, we direct the trial court to ensure that defense counsel strictly complies with Rule 604(d) before the court grants a hearing.

For these reasons, defendant's sentence is modified to reflect that he is eligible for day-for-day good-conduct credit while incarcerated, and the cause is remanded to the circuit court of Winnebago County with directions.

Affirmed as modified; cause remanded with directions.

THOMAS, J., concurs.

JUSTICE HUTCHINSON, specially concurring:
While I agree with the majority's conclusion in this case, I have serious reservations about using a broad-brush categorization to justify the resolution.

A careful review of the record clearly indicates that when the defendant and the State discussed this plea arrangement, defendant was cognizant of and concerned about mandatory consecutive sentences. Therefore, when the State dismissed certain charges and defendant entered guilty pleas to the charges as indicated, the trial court was not required to impose mandatory consecutive sentences. Rather, the trial court sentenced defendant without any indicia of sentence caps or other agreement between the State and defendant. By pleading guilty as indicated in this case, defendant not only received a concession from the State but also acknowledged that concession in open court as part of the plea discussions. The trial court's ultimate decision to impose consecutive sentences did not change the bargain between the State and defendant.

However, I do not agree with the majority that this case represents a plea "negotiated as to charge and sentence" as described by Chief Justice Freeman in his specially concurring opinion in *Linder*. See *People v. Linder*, 186 Ill. 2d 67, 77-78 (1999) (Freeman, C.J., specially concurring). Rather, I recently joined the majority in *People v. Mast*, 305 Ill. App. 3d 727 (1999), wherein this court said "[w]e do not believe that the decision in *Evans* or *Linder* contemplated that an agreement by the State to reduce or dismiss charges against a defendant in exchange for the defendant's plea to the reduced or remaining charges, which has the effect of reducing the sentencing range or the number of sentences a defendant could face, constituted an implicit agreement as to sentence." *Mast*, 305 Ill. App. 3d at 732.

I acknowledge that our supreme court has spoken concerning the implications of a "sentence cap" negotiated plea and a "fully" negoti-

ated plea. See *Linder*, 186 Ill. 2d at 76; *People v. Evans*, 174 Ill. 2d 320 (1996). However, our supreme court has not yet formally resolved the type of plea scenario at issue in *Mast*. I believe the law has outgrown the rigid rule enunciated in *Evans* and has begun the maturization process by recognizing that different types of negotiated pleas exist. See *Linder*, 186 Ill. 2d at 75-80 (Freeman, C.J., specially concurring). Until such time as our supreme court does consider the *Mast*-type plea scenario and then revisits the other types of negotiated plea cases, I believe that the facts contained within the record should dictate the type of bargained-for plea, and trial judges should be allowed to impose and reconsider sentences by exercising sound discretion.

Accordingly, I agree with the majority in this case only because the charges and the sentence considerations were clearly part of the negotiation between the State and defendant, and those facts were identified by the record.