THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WILLIAM BUTLER, Defendant-Appellant.

First District (3rd Division)   No. 85—3408

Opinion filed March 18, 1987.

James J. Doherty, Public Defender, of Chicago (Kathleen M. Pantle, Assistant Public Defendant, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Christopher J. Cummings, and Michael L. Vittori, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WHITE delivered the opinion of the court:

In this case we are asked to construe section 5—5—3 of the Unified Code of Corrections (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—5—3). The trial court found defendant William Butler guilty of aggravated criminal sexual abuse. Since defendant had been convicted of burglary within 10 years prior to the commission of this offense, the trial court found that it could not sentence defendant to probation. The trial court sentenced defendant to three years' imprisonment. Defendant appeals.

On October 24, 1984, at about 1 p.m., defendant was home with his son and his 12-year-old stepdaughter. Defendant told his stepdaughter, the prosecutrix, to take a nap. After she laid down, fully clothed, defendant came into her bedroom. He touched her breasts and her vagina and he kissed her on the mouth. He then left. Prose-

cutrix's mother came home about 5:30 p.m. Prosecutrix told her about the incident with defendant. The next morning prosecutrix's mother told defendant what prosecutrix had said. He admitted that it was true. Neither the prosecutrix nor her mother reported the incident to the police. Prosecutrix, her mother, and defendant began to go to family counsel at a local community center. Defendant did not make any sexual advances on prosecutrix after the incident in October. In late February 1985, prosecutrix told a friend about the incident. On March 1, 1985, police officers arrested defendant.

Following a bench trial, the trial court found defendant guilty of aggravated criminal sexual abuse, a Class 2 felony, under sections 12—16(b) and 12—16(c)(1) of the Criminal Code (Ill. Rev. Stat., 1984 Supp., ch. 38, pars. 12—16(b), (c)(1), (e).) Defendant had been convicted of burglary, a Class 2 felony, on September 16, 1975. (Ill. Rev. Stat. 1973, ch. 38, par. 19—1(b).) At the sentencing hearing, the trial court found that section 5—5—3(c)(2)(F) of the Unified Code of Corrections mandated a sentence of imprisonment, and therefore it sentenced defendant to the statutory minimum term of three years' imprisonment. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(5).) The court stated: "This Court is of the view that the legislature has in some circumstances been more harsh than the legislature might have been, but that is for the legislature to determine ***."

On appeal defendant argues that the sentencing statute is rendered ambiguous by sections 5—5—3(c)(2)(H) and (e) (Ill. Rev. Stat., 1984 Supp., ch. 38, pars. 1005—5—3(c)(2)(H), (e)), and therefore the statute must be interpreted leniently. (*Bifulco v. United States* (1980), 447 U.S. 381, 387, 65 L. Ed. 2d 205, 210, 100 S. Ct. 2247, 2252.) Under the lenient interpretation defendant proposes, he is eligible for probation.

Section 5—5—3(c)(2) of the Unified Code of Corrections states:

"A period of probation, a term of periodic imprisonment or conditional discharge shall not be imposed for the following offenses. The court shall sentence the offender to not less than the minimum term of imprisonment set forth in this Code for the following offenses ***:

***

(F) A Class 2 or greater felony if the offender had been convicted of a Class 2 or greater felony within ten years of the date on which he committed the offense for which he is being sentenced;

***

(H) Criminal sexual assault, except as otherwise provided in

subsection (e) of this Section." (Ill. Rev. Stat., 1984 Supp., ch. 38, pars. 1005—5—3(c)(2)(F), (H)).)

Section 5—5—3(e) provides:

"In cases where prosecution for criminal sexual assault or aggravated criminal sexual abuse under Section 12—13 or 12—16 of this Code results in conviction of a defendant who was a family member of the victim at the time of the commission of the offense, the court shall consider the safety and welfare of the victim and may impose a sentence of probation only where the court finds (i) or (ii) or both are appropriate ***." (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—5—3(c).)

The State does not contest defendant's contention that he meets the requirements of both subsections (e)(i) and (e)(ii).

The legislature unambiguously expressed its intention to require courts to impose a sentence of imprisonment on any offender who commits a Class 2 felony within 10 years of a prior conviction for a Class 2 felony. (*Fitzsimmons v. Norgle* (1984), 104 Ill. 2d 369, 373, 472 N.E.2d 802.) The legislature also requires the courts to impose a sentence of imprisonment for sexual assault, with certain exceptions. The exceptions stated in subsection (c)(2)(H) do not provide exceptions to subsections (c)(2)(F), and we cannot read the exception to (H) into (F). (*In re Estate of Tilliski* (1945), 390 Ill. 273, 283, 61 N.E.2d 24.) Defendant herein clearly meets the criteria stated in subsection (c)(2)(F). We hold that the legislature precluded the trial court from sentencing defendant to probation. The sentence imposed by the trial court is affirmed.

Affirmed.

McNAMARA, P.J., and RIZZI, J., concur.