1 March 2000

No. 2--98--0900

                                                                  

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

                                                                  

THE PEOPLE OF THE STATE OF      ) Appeal from the Circuit

ILLINOIS,                       )  Court of Winnebago County.

)

Plaintiff-Appellee, ) No. 92--CF--1504

) 

v. )

)

RICHARD E. WANKE, JR. ) Honorable

) Robert G. Coplan,

Defendant-Appellant. ) Judge, Presiding.

                                                                  

JUSTICE INGLIS delivered the opinion of the court: 

Following a bench trial, defendant, Richard E. Wanke, Jr., was convicted of burglary (Ill. Rev. Stat. 1991, ch. 38, par. 19--1 (now 720 ILCS 5/19--1 (West 1998))) and sentenced to three years' imprisonment.  We reverse and remand.

Defendant was charged with the burglary of the Sandy Hollow Golf Course (Sandy Hollow).  He waived trial by jury and presented the defense of insanity.  The following uncontested evidence was introduced at trial.  We will refer to additional facts from the trial as needed during the course of this disposition.

About 2 a.m. on July 13, 1992, a neighbor of Sandy Hollow heard a banging noise in the clubhouse and called the police.  Rockford police officers North and Hoshaw responded to the call.  North saw defendant run out of a door of the clubhouse, carrying a backpack, and continue across the golf course.  North and Hoshaw chased after defendant until North apprehended and handcuffed defendant.  Defendant was never out of North’s sight during the chase.  Defendant wore leather gloves and carried a small flashlight.  The backpack contained a set of wire cutters.  Neither officer perceived defendant to be incoherent or under the influence of any substance.  

A golf course employee testified that a closet, which contained a safe, had been forced open and a crowbar had been wedged into the door of the safe.  The telephone lines had been cut.

Defendant claimed that he was insane at the time of the offense.  He testified that he did not recall the incident.  On his behalf, defendant presented two nonexpert witnesses, Diane Chavez and Pastor Bradford Wilson, who each testified about defendant’s insomnia, erratic moods, and incidents of blackouts in which defendant could not remember his conduct.  Chavez described incidents that occurred in 1995 through the time of trial.  Wilson testified about defendant’s distraught and agitated condition while defendant was jailed in 1991 and about instances of insomnia and memory loss when defendant lived with Wilson’s family while on bond between 1992 and 1995.

Defendant also presented two expert witnesses on his behalf.  Dr. Frank Cushing, a licensed clinical psychologist, met with defendant in November and December 1992.  He testified that defendant had a "dissociative disorder" that causes persons to be unaware of "where they are, who they are, what they are doing or what’s going on."  Various life stresses could trigger dissociation because persons with the disorder are unable to cope with their lives on a consistent basis.  Dr. Cushing remarked that a multiple personality disorder is a dissociative disorder and might well be defendant’s problem.  He felt that defendant also displayed some symptoms suggestive of schizophrenia.  Because defendant demonstrated an inability to recall events in his life, he was capable of committing a crime while dissociating and then not recalling it afterward.  Dr. Cushing opined that defendant suffered from this disorder at the time of the burglary and was unable to appreciate the criminality of his conduct and conform his conduct to the requirements of the law.  The second defense expert, William Evans, a therapist and licensed clinical professional counselor, testified that he had had 50 sessions with defendant since June 1992.  Evans also believed that defendant suffers from dissociative disorder.  

In rebuttal, Dr. Robert Gordon, a licensed clinical psychologist, testified that defendant’s history and psychological testing were not consistent with dissociative disorder.  He diagnosed defendant as having a generalized anxiety disorder with some depressive and conversion symptoms.  He believed that defendant did not suffer from a mental disease or defect and was able to conform his conduct to the law and to appreciate the wrongfulness of his conduct.

The State also presented Rockford police detective Dave Hopkins.  He talked to defendant in 1991 after defendant was arrested for another incident.  Defendant was responsive to questions and did not claim to have blackouts or to lose track of time.  Several days after he was arrested in 1991, defendant provided Hopkins with specific details and made no claims about losing periods of time.  Hopkins also interviewed defendant following his arrest in the present case.  Defendant communicated with Hopkins and gave no indication that he had lost track of time or suffered a blackout.

The trial court found defendant guilty of burglary and sentenced defendant to a term of three years' imprisonment.  After denying a motion to reconsider sentence, the trial court ordered that defendant receive credit for his 156 days in jail.  However, the court ruled that defendant could not receive credit toward his sentence for the period when defendant was on home confinement while on bond or for the period when he was on electronic monitoring.  Thereafter, defendant filed this timely appeal.

On appeal, defendant first contends that he was denied a fair trial when the State introduced evidence regarding defendant’s postarrest silence.  During the State’s case, both officers who arrested defendant testified that, after defendant was handcuffed, they took him to the squad car and asked him for his name and address.  Both stated that he did not want to give them any information and that he just wanted an attorney.  Later, during its rebuttal case, the State asked Detective Hopkins to recall the conversation he had with defendant two days after the robbery.  He testified that he read defendant his rights and that defendant understood those rights; however, defendant did not wish to talk about any possible pending crimes that he might be involved in until his public defender was present.  Additionally, during closing argument the State referred to Hopkins’s testimony.  The prosecutor stated:

"It’s important to note that in 1991 when the defendant talked to Detective Hopkins he gave specific details.  And what was the result?  He ended up in jail, so it was in 1992 when he was arrested in the act at the golf course that he asks for a lawyer immediately.

It’s his right.  He has every right to do that, but now we’ve got this dissociative disorder.  We got this insanity. Did he come completely out of the dissociative disorder the moment before he asked for an attorney?  When he asked for an attorney he certainly would have to have knowledge that he had just done something, perhaps, where he might need to consult an attorney." 

Defendant did not object to any of this evidence either during trial, during the State’s closing argument, or in a posttrial motion and concedes that he has waived this contention, but he argues that the admissions into evidence constituted plain error.  We agree.

This case is controlled by 
People v. Stack
, 112 Ill. 2d 301, 306 (1986), and 
People v. Anderson
, 113 Ill. 2d 1, 6 (1986), which held that the prosecution’s introduction of evidence to disprove a claim of insanity by showing that the defendant was lucid enough to invoke his privilege against self-incrimination deprived defendant of a fair trial.  As in 
Stack
 and 
Anderson
, the prosecution in the present case also sought to disprove defendant’s claim of insanity by showing that his judgment was sound enough to invoke his privilege against self-incrimination after he was taken into custody and arrested.  As the court in 
Stack
 found, "it is fundamentally unfair for the government to suggest this course of action and then use defendant’s acceptance to prove his sanity."  
Stack
, 112 Ill. 2d at 306.

The State argues that the present case is different from 
Stack
 and 
Anderson
 because the 
Miranda
 warnings were never given by Officer Hoshaw or North and therefore defendant’s comments were not in any way the result of an implicit promise by the officers.  Additionally, while the State concedes that the testimony regarding defendant’s postarrest silence given by Detective Hopkins
 comes within the holdings of 
Stack
 and 
Anderson
, it argues that this evidence was harmless in light of the fact that this was a bench trial and the judge was aware that defendant gave a similar response to the other officers at the time he was taken into custody.  We note that the State does not even attempt to respond to defendant’s argument concerning the prejudicial effect of the comment made by the prosecution during closing argument.

For the State to argue that there is a difference between pre- and post-
Miranda
 warnings is of no moment in this case.  The issue here is not the voluntariness of defendant’s statement.  It involves the State using defendant’s silence to prove that he was sane at the time of the incident.  The State cannot use defendant’s silence as knowledge of his guilt.  By doing so, the State improperly uses defendant’s exercise of a fundamental constitutional right as a proxy for sanity.  This is precisely the sort of use that the constitution was designed to prohibit, namely, the use of defendant’s silence as substantive evidence in a criminal case.  By using the officers’ and Detective Hopkins’s testimony and by pointing out during closing argument that defendant "would have to have knowledge that he had just done something, perhaps, where he might need to consult an attorney," the State used defendant’s invocation of his right against self-

incrimination to abrogate his defense and so incriminate defendant, thus violating defendant’s constitutional rights. 

That this was a bench trial will not rescue the State’s position.  Contrary to the State’s argument, there is nothing to show that the trial judge did not consider defendant’s silence for an improper purpose because defendant failed to object.  Moreover, we fail to see the probative value of this evidence.  Even though defendant might suffer from a psychiatric disorder that would render him legally insane, " '[i]nsanity is not the equivalent of stupidity.’ "  
Stack
, 112 Ill. 2d at 310, quoting 
Commonwealth v. Mahdi
, 388 Mass. 679, 695, 448 N.E.2d 704, 713 (1983).  Regardless, we cannot say that any error in admitting the testimony is harmless given the disagreement of the expert witnesses on the question of insanity.  See 
Anderson
, 113 Ill. 2d at 7.  Defendant’s conviction must therefore be reversed and the cause remanded for a new trial.

Although defendant does not challenge whether there was sufficient evidence to prove him guilty beyond a reasonable doubt, we have reviewed the evidence and conclude there was sufficient evidence to support a finding of guilt beyond a reasonable doubt.  Therefore, a remand for a new trial is appropriate.

Because we are remanding this cause for a new trial, we need not address the remaining issues.  However, we must comment on two issues raised by defendant that are likely to recur.  Defendant contends that the trial court erred in finding that he was not eligible for probation under section 5--5--3(c)(2)(F) of the Unified Code of Corrections (Code) (730 ILCS 5/5--5--3(c)(2)(F) (West 1996)).  This section provides, in relevant part, that a period of probation shall not be imposed for:

"(F) A Class 2 or greater felony if the offender had been convicted of a Class 2 or greater felony within 10 years of the date on which he committed the offense for which he is being sentenced."  730 ILCS 5/5--5--3(c)(2)(F) (West 1996).

Defendant was convicted of a 1991 De Kalb County burglary (see 
People v. Wanke
, 303 Ill. App. 3d 772 (1999)) on May 29, 1997.  Defendant committed the present burglary on July 13, 1992.  Defendant argues that the statute applies only when a defendant was convicted of a Class 2 felony within the 10-year period 
prior
 to his commission of another Class 2 felony.  Since defendant was not convicted of the De Kalb County burglary until May 29, 1997, after the commission of the burglary in this case, defendant argues that he did not come within the prohibition against probation.  Defendant asserts that the use of the verb tense "had been" in the statute makes it clear that a prior conviction had to exist before the commission of the offense that defendant now faces.  Although defendant concedes that the facts are different, defendant relies on the case of 
People v. Butler
, 154 Ill. App. 3d 227, 228-29 (1987), for the proposition that the statute requires courts to impose sentencing on any offender who commits a Class 2 felony within 10 years of a 
prior
 conviction of a Class 2 felony.  The State argues that a plain reading of the statute does not require that the conviction of one Class 2 offense precede the commission of the offense for which the defendant is being sentenced.  The State asserts that in other sections of the statute the legislature used specific language when it intended a specific sequence of convictions and the legislature would have used the term "prior to" or "before" in section 5--5--3(c)(2)(F) if it so intended.

We find that both the State’s and defendant’s reading of the statute is reasonable.  When a statute can be reasonably interpreted in two different ways, it is ambiguous.  
People v. Jameson
, 162 Ill. 2d 282, 288 (1994).  
When a criminal statute is found to be ambiguous, the principle of lenity is applied.  
People v. Moritz
, 173 Ill. App. 3d 498, 505 (1988).  Under this principle, penal statutes should be strictly construed in favor of the accused and a general policy of leniency applies to the interpretation of the criminal statute.  See 
Moritz
, 173 Ill. App. 3d at 505.  Moreover, the law does not permit a double enhancement of a penalty without a clear indication of a legislative intent to accomplish that result, and the slightest ambiguity in any statute that calls for double enhancement requires the application of a rule of lenity and construction of the statute strictly in favor of the defendant.  See 
People v. Hobbs
, 86 Ill. 2d 242, 246 (1981).  Here, the language of the statute is not clear and unambiguous as applied to the facts.  We, therefore, must interpret the statute to mean that a sentence of imprisonment must be imposed on any offender who commits a Class 2 felony within 10 years of a prior conviction of a Class 2 felony.  Because the defendant was not convicted of the De Kalb burglary within the 10-year period prior to his commission of the offense for which he was being sentenced, the statute does not apply, making defendant eligible for probation if he is convicted of the present offense following a new trial.

We do not find the court’s conclusion in 
Butler
 that the statute was unambiguous to be controlling as it did not present the same factual scenario as the case at bar.  There, the defendant had been convicted of a burglary in 1975.  The offense for which he was being sentenced occurred in 1984.  Thus, the defendant had an eligible prior conviction at the time he was sentenced.  Likewise, 
Fitzsimmons v. Norgle
, 104 Ill. 2d 369 (1984), on which 
Butler
 relied, is not controlling.  There, too, the court determined that the statute was unambiguous and that the defendant had an eligible prior conviction at the time of sentencing.  
Fitzsimmons
, 104 Ill. 2d at 372-73.  Here, unlike 
Butler
 or 
Fitzsimmons
 where there were already eligible convictions on the defendants’ records, defendant’s De Kalb conviction did not exist prior to the commission of the present offense.  Accordingly, 
Butler
 and 
Fitzsimmons
 are distinguishable. 

We also note that defendant will be entitled to credit for time spent in home confinement or on home monitoring if he is found guilty of the present offense.  Section 5--8--7(d) of the Code (730 ILCS 5/5--8--7(d) (West 1996)) provides that a defendant may not receive credit for home detention if he is convicted of an offense listed in section 5--5--3(c)(2) (730 ILCS  5/5--5--3(c)(2) (West 1996)).  Because defendant cannot be convicted of an offense listed in section 5--5--3(c)(2) if he is convicted of the present offense, he will be entitled to sentence credit for home detention.

Accordingly, the judgment of the circuit court of Winnebago County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BOWMAN, P.J., and GEIGER, J., concur.